Cassel Goorin v. The Allegheny Traction Company, Appellant, and The Pittsburgh & Birmingham Traction Co.

*Negligence—Street railways—Collision—Contributory negligence—Joint tort feasors.*

In an action by a passenger against two street railway companies to recover damages for a broken arm, the evidence was conflicting as to whether or not the plaintiff sat with his arm projecting from an open window. The plaintiff was riding in a car of one of the defendants when it collided with a car of the other defendant. The respective cars approached each other on a wide, level and well lighted street, and in full view of each other, and collided at a crossing. There was no distinct agreement or arrangement between the two companies as to the right of way at the crossing. Each of the companies introduced evidence to the effect that the accident was caused by the negligence of the motorman of the other company. *Held,* that the question of the negligence of the two companies and of the contributory negligence of the plaintiff was for the jury.

Argued Oct. 28, 1896. Appeal, No. 60, Oct. T., 1896, by defendant, Allegheny Traction Co., from judgment of C. P., No. 3, Allegheny Co., Feb. T., 1895, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McCLUNG, J.

At the trial it appeared that plaintiff was injured on the evening of September 8, 1893, while riding as a passenger in a car of the Allegheny Traction Company in Pittsburg. The car in which the plaintiff was riding came in collision with a car of the Pittsburg & Birmingham Traction Company, and plaintiff was injured.

The tracks of the defendant companies are parallel with each other on Liberty street east of Smithfield street, the tracks of one company straddling those of the other on Liberty street from the crossing at Smithfield street to another crossing at the head of Eleventh street. At Smithfield street the tracks of the Pittsburg & Birmingham Traction Company cross the tracks of the Allegheny Traction Company at an obtuse angle, the tracks of the Allegheny Traction Company continuing westwardly down Liberty street and the tracks of the Pitts-

burg & Birmingham Traction Company running in a southwesterly direction along Smithfield street.   It was at the crossing at Smithfield and Liberty streets that the collision took place between the cars of the defendant traction companies, in which the plaintiff was injured.

At the crossing at Smithfield and Liberty streets there was no distinct arrangement between the companies for crossing, but the employees appeared to take it for granted that the car of either traction company arriving there first had the right of way, and was entitled to cross ahead of the car of the other traction company arriving at the crossing subsequently to itself.

The defendants introduced evidence to show that at the time of the accident plaintiff was sitting with his elbow projecting from an open window.   Plaintiff testified that his arm was broken when he was thrown upon the floor of the car by the collision.

The court charged in part as follows:

It will, perhaps, be most convenient, and contribute to clearness, in considering this case, to first take up the question of the plaintiff's own negligence, because if that is determined against him, then he cannot recover, without regard to whether both or either of these defendant companies were negligent. As I have said, it is conceded that the accident happened.   The negligence which is alleged against him is that of putting his arm out of the window.   It is well settled law in Pennsylvania that if a passenger upon a railway car, or upon a street car, projects his arm from the window, and that arm is injured, or injury results from that projection, that he cannot recover; that is negligence of itself.   So that if you are satisfied that this plaintiff put his elbow out of that window, then that would be an end of this case.   He alleges that while he had it upon the ledge of the window, that it was inside of the sash, which was dropped down, but which projected a few inches above the ledge or sill of the window.   The defendant companies allege that he had that arm out of the window; and just here centers the question as to his negligence.   If you find that he had that arm out of the window, if he had it over that sash as it projected above, and not in the position that he says he had it, then that is an end of his case; he cannot recover. ·

The defendant companies allege that it is shown by the testimony in this case that that is the fact. They say, in the first place, that they have the testimony of the driver to the effect that he had his arm up on the window—he does not pretend to say how far out it was. The motorman of the other car says it was actually out of the window; that he saw it there, and called to him to take it in. They also have the testimony of one witness, Dr. Herron, the only physician who saw the injury about that time, to the effect that the injury was most likely caused in that way; that it could not well have been caused by the fall upon the floor, which the plaintiff says was the cause of it. And, in addition to that, they allege that he stated on the morning after the accident or very shortly after the accident that he had his arm out of the window. On the other hand, the plaintiff says that he had it inside, and that the jar threw him from his seat, and that it was the fall upon the floor of the car that broke his arm. It is quite improbable that he would be able to tell with accuracy as to when his arm was broken, the accident occurring suddenly and hurting him, it would puzzle any one to tell when it was broken. He ought to know whether he had his arm outside of the window or not; and if he had not, then that proof of negligence on his part falls.

As I have said, if you find this question against him, and that he had his arm projecting from the window, the law says that is negligence on his part, and there can be no recovery. If you go beyond that, if you determine that he was not guilty of negligence, and that he had his arm inside of that window, and was not guilty of any other negligence which contributed to the accident, then you come to the question as to whether or not either of the defendant companies, or both of them, were guilty of negligence. And just here I should explain that in this case you may find for the plaintiff as against one of them and in favor of the other, or as against both. If you find against both of them you simply assess the damages as against them, and find as in the ordinary way. If you find that one is negligent and responsible, and the other is not, you find for the one who is not negligent, but find for the plaintiff as against the other company. In this case the one company, the Allegheny Traction Company, was carrying the plaintiff as a passenger;

the other company's car was crossing the track of the Allegheny Traction Company. It was the duty of the Allegheny Traction Company to use due care in protecting that passenger from collision at that crossing, or from any other danger. The other company owed a duty to any person making that crossing to use due care not to injure them. It owed that duty to any one, whether crossing in the car of another company, or crossing in his own vehicle, or crossing on foot; and if it violated that duty then it would be guilty of negligence, and be responsible for the results immediately ensuing.

The defense of the two companies differ outside of the question of the negligence of plaintiff—they themselves are practically at swords' points, the one attempting to shift the responsibility upon the other, if there was negligence. We have been asked to take the case of each one from you, but we submit both to you, with the belief that there is evidence from which you might find negligence on the part of each of them, without saying, of course, that you should so find. We simply leave the question to you, and decline to take it from you.

[It seems that there is no distinct arrangement as between these parties as to how they should cross at this crossing. They simply took the common sense view of it, that the one that came first should have the right of way, and should go across. It is admitted that the Allegheny Traction car was there first, and would have a right to cross. It is, however, claimed that it stopped there so long as to lead the other company to believe it was going to wait for it, and thus to induce the motorman of the other company not to stop, but to run on towards the crossing, and when he got to a point too near for him to stop and avoid the collision, he started across. You will recollect that the driver of the Allegheny car said that the other car was coming down there pretty rapidly; he said it was fifty yards away. But the motorman of the Birmingham Traction Company says that when he started across he was only from seventy-five to one hundred feet away, and it is claimed from these facts by the plaintiff that the Allegheny Company's driver misled the motorman upon the other car, and thus at least contributed by his negligence to the accident. On the other hand, the Allegheny Company claims that the fault was entirely that of the Pittsburg & Birmingham Traction Company. It is ad-

mitted that the motorman of the Pittsburg and Birmingham Traction Company saw this other car standing there, and he admits that he knew that it being there first had the right to cross first; that he saw it when he was, perhaps, a hundred yards away. Ought he to have gotten his car under such control that he could have stopped and have avoided a collision if he proceeded to cross; ought he to have expected the car to cross; ought he to have it under such control, even when he attempted to cross, when he was within seventy-five or one hundred feet of the crossing; ought he to have taken into account the slippery condition of the track? He says the street had been swept and sprinkled and the track was wet. It does not appear that that sprinkling was at that point alone, for it was probably a general sprinkling, and the street was wet for some distance up, and it is claimed he ought to have had control of his car, or have it under such control that he could have avoided this collision, even if the track was slippery.] [3]

The Allegheny Traction Company's points and answers thereto among others were as follows:

2. There is no sufficient evidence in the case of negligence on the part of the Allegheny Traction Company which would warrant a verdict against it in favor of the plaintiff. *Answer:* This is refused. [1]

3. Under all the evidence of the case the verdict as to the Allegheny Traction Company should be for the defendant. *Answer:* This is refused. [2]

Verdict and judgment for plaintiff for $2,250 as against both defendants. The Allegheny Traction Company appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*A. M. Neeper,* for Allegheny Traction Company.—The facts in the case, established by uncontradicted evidence, show, as a matter of law, that the Allegheny Traction Company was guilty of no negligence which caused the accident to the plaintiff: Philpott v. R. R. Co., 175 Pa. 570; Steinbrunner v. Ry. Co., 146 Pa. 504.

*Joseph Stadtfeld,* for appellee.—Where a passenger is injured by an accident from a collision, or a defect in the machinery or

roadway, he is required in the first place to prove no more than the fact of the accident and the extent of the injury; a prima facie case is thus made out and the onus is cast upon the carrier to disprove negligence: Laing v. Colder, 8 Pa. 482; Sullivan v. R. R., 30 Pa. 239; Phila. & R. R. v. Anderson, 94 Pa. 351; Spear v. P., W. & B. R. R., 119 Pa. 61.

Negligence is always a question for the jury where there is a conflict of testimony, or for any cause there is a reasonable doubt as to the facts or as to the inferences to be drawn from them: D., L. & W. R. R. v. Jones, 128 Pa. 308; Smith v. B. & O. R. R., 158 Pa. 82; Howett v. P., W. & B. R. R., 166 Pa. 607.

The question whether plaintiff was guilty of contributory negligence, unless disclosed by plaintiff's own testimony, must be inferred from all the facts disclosed by the testimony, and such inferences of fact are for the jury and not for the court: Merriman v. Phillipsburg Boro., 158 Pa. 78; Ely v. R. R., 158 Pa. 233; Baker v. Nat. Gas Co., 157 Pa. 593.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897:

This action of trespass by a passenger on an Allegheny Traction Company's car was brought against that company and the Pittsburg & Birmingham Traction Company to recover damages for personal injuries resulting from the collision of a car of one of the companies with a car of the other company, occasioned by the conjoint negligence of said companies.

The time, place and circumstances of the collision, without more, are strongly presumptive of the gross negligence of one, if not both, of the defendant companies. Their respective cars were approaching each other, on a wide, level and well lighted street, and in full view of each other, and yet they collided at the crossing. As is quite natural in such cases, each of the alleged wrong-doers, in endeavoring to exculpate itself, was not unwilling to make it appear that the other alone was the culpable party, while both endeavored to show that plaintiff himself was guilty of contributory negligence that would bar a recovery against either. On the other hand the plaintiff was endeavoring to successfully bear the burden he had assumed of proving that the collision was the direct result of the conjoint negligence of the defendant companies. The trend of such trilateral con-

troversies is generally towards the fuller development of the facts.

Without undertaking to review the testimony, or even to refer specially to its more salient points, it is sufficient to say that a careful consideration of it has satisfied us that it presented questions of fact, relating to the negligence of each defendant, and also to the alleged contributory negligence of the plaintiff himself, which the jury alone could legally determine. The testimony was all for them and not for the court; and it was submitted in a fair and impartial charge in which we find no substantial error. There is nothing in either of the three specifications that requires further notice.

Judgment affirmed.