## John Kern *v.* The Second Avenue Traction Company, Appellant.

194    75
214    477

*Negligence—Street railways—" Stop, look and listen "—Contributory negligence.*

The fact that a man about to drive a team across a street railway track stops and looks at a point about twelve feet from the track, from which he could see a car for a quarter of a mile, does not relieve him from the charge of contributory negligence, where it appears that in attempting to start his team he found it stalled, and he then backed it ten or twelve feet, and without looking again drove upon the track and was struck by a car.

Argued Oct. 25, 1899. Appeal, No. 76, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny County, July Term, 1897, No. 288, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before SHAFER, J.

The facts are fully stated in the opinion of the Supreme Court.

Defendant's first point and the answer thereto were as follows:

1. The uncontradicted evidence showing that—at the time the collision occurred between the car and the wagon on which plaintiff was riding—a board pile from twelve to sixteen feet square and from ten to twelve feet high stood within a few feet of defendant's track, and between the approaching car and the wagon as it drove down towards the crossing of defendant's railway; that when plaintiff's horses got within three or four feet of the track plaintiff stopped, stood up on his wagon, could see down along the tracks for at least a quarter of a mile, looked, but saw no car; that he never looked again for an approaching car, but sat down upon his wagon, tried to drive on and across the tracks, but was unable to go forward because of the inability of his horses to draw the loaded wagon—the wagon being stuck; that he then backed his wagon from ten to fifteen feet; that at this point he could have seen down along the tracks for a distance of a quarter of a mile had he turned his eyes in that direction, but without looking he started up his horses, passed behind the board pile and drove out upon the track with a spurt, and before he could get over the first track upon which he entered the collision between the car and wagon occurred—the facts hereinbefore recited appearing under the uncontradicted evidence, plaintiff was guilty of negligence which contributed to the injuries complained of, and he cannot recover in this action. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* among others was above instructions, quoting them.

*George C. Wilson,* with him *W. D. Evans,* for appellant.—Plaintiff was guilty of contributory negligence: Penna. R. Co. v. Fortney, 90 Pa. 323; Carson v. Federal Street & Pleasant Valley Ry. Co., 147 Pa. 219; Ehrisman v. Harrisburg City Pass. Ry. Co., 150 Pa. 180; Omslaer v. Traction Co., 168 Pa. 519; Schmidt v. McGill, 120 Pa. 412; Nugent v. Traction Co., 181 Pa. 160.

*W. J. Brennen,* for appellee, cited Smith v. B. & O. R. R. Co., 158 Pa. 82; Jones Bros. v. Ry. Co., 9 Pa. Superior Ct. 65;

Safe Deposit Co. v. Ry. Co., 6 Pa. Superior Ct. 204; Penna. R. Co. v. Barnett, 59 Pa. 264; McNeal v. Ry. Co., 131 Pa. 184; Ellis v. R. R. Co., 138 Pa. 506; McGill v. Ry. Co., 152 Pa. 331; Whitman v. Penna. R. Co., 156 Pa. 175; Downey v. Pittsburg, etc., Traction Co., 161 Pa. 131; Callahan v. Phila. Traction Co., 184 Pa. 425.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

We need not tell this appellee what his duty was in approaching the tracks of the street railway company, for he seems to have understood it as well as we could declare it. He testifies that after his wagon was loaded, he left it standing about 100 or 125 feet from the track, and walked up and looked to see whether a car was coming. He further says he could see at least a quarter of a mile, and no car was in sight. He then returned to his wagon and, starting his horses, drove up to about ten or twelve feet from the track, stopped again and looked, having a view of the tracks for about a quarter of a mile. No car was yet to be seen and, having done everything required of him under the circumstances, he attempted to start his team and cross the tracks. But his horses were unable to move forward with the wagon, and, no matter what his care and caution may have been up to that time, our concern is as to what they were if the conditions were changed under which he finally attempted to cross the tracks. He says that when he found his team was stalled, he backed it about ten or twelve feet, and then "started up and went up over this place in a spurt," but from the time he looked from the point at which his team had first stopped, he did not look again, though, when he started the last time his opportunity to see an approaching car for a quarter of a mile was unchanged. The proper care which he had exercised before, he then forgot, and what he had previously done could not relieve him from what he was bound to do, when, after having waited for some time he at last started his team to cross the tracks of the traction company. That some time, material in properly determining the question before us, had been consumed by the plaintiff in backing his stalled team and getting ready for a fresh start cannot be doubted when it is remembered that in the interval the colliding car had come from a point at least a quarter of a mile distant. The judg-

ment in this case cannot be sustained, because the injury complained of by the appellee would not have come to him if he had exhibited, when at last ready to start with his load, the same care previously exercised, and which it seems he knew he was bound to observe.

The case of Downey v. Pittsburg, etc., Traction Co., 161 Pa. 131, has been pressed upon our attention as decisive of the question before us. The facts there were entirely different. The plaintiff testified that he had stopped, looked and listened, a rod and a half from the track, but could not see very far on account of the corner buildings, and that as far as he could see no car was in sight. Kern however could see for a quarter of a mile when he looked, but in the end started without looking at all, and no parallel can be drawn between the two cases. Callahan v. Phila. Traction Co., 184 Pa. 425, also brought to our notice by the appellee, presents utterly different conditions fully set forth in the opinion of our Brother FELL, and nothing can be found in it to justify the affirmance of the judgment before us.

The learned trial judge in his charge to the jury aptly and properly said: "Now then if that took such a time, if trying his horses and going back there took such a time that a car could come along there in that quarter of a mile, if he took so much time as that, undoubtedly he was bound to look again, because his looking would not have amounted to anything at all. If the time he took to do that would have brought a car traveling along this track within reach of him, then he was certainly bound to look again. If he could see without any trouble to himself, without any difficulty or more than a reasonable amount of trouble—if with any amount of trouble he could have seen after he did back whether there was a car coming or not, he was bound to look there, and he does not tell us that he did look." Reading this portion of the charge we are at a loss to understand why the first point submitted by the defendant was not affirmed. Its language and the refusal to affirm the point are irreconcilable. The court should have consistently adhered to what it so well said, and affirmed the point.

The assignments of error are sustained, the judgment reversed and judgment is now entered in favor of the defendant.