## Brown v. Traction Company.

*Railways—Contributory negligence—Stop, look and listen.*

A looking which leads a man to drive in front of a rapidly approaching car, followed by no other look just before driving on the track, but only a look after getting on the track when the car is upon him, is not the kind of looking which is contemplated by the rule of law. No error in a close calculation of chances can relieve from the charge of contributory negligence.

Argued April 24, 1900. Appeal, No. 90, April T., 1900, by defendant, in a suit of Phillip Brown, Jr., against Pittsburg, Allegheny & Manchester Traction Company, from judgment of C. P. No. 2, Allegheny Co., April T., 1897, No. 728, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J. RICE, P. J. and ORLADY, J. dissent.

Trespass. Before FRAZER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $1,000, Defendant appealed.

*Error assigned* was in refusing to affirm defendant's point, which point and answer are as follows : That under all the evidence in this case the verdict should be for the defendant. *Answer:* Refused. It is for the jury to determine whether or not the verdict should be for the defendant. To which refusal to affirm said point, counsel for defendant excepts, and thereupon billed sealed for defendant.

W. P. Potter, for appellant, relied on Ehrisman v. Railway

594, (1900).] Arguments—Opinion of the Court.

Co., 150 Pa. 180, Omslaer v. Traction Co., 168 Pa. 519, and Smith v. Traction Co., 187 Pa. 110.

In the case of Darwood v. The Union Traction Company, 189 Pa. 592, the court held that a nonsuit was properly entered, where a person driving had left a place of perfect safety to go into a place of danger. That is this case exactly.

*A. M. Brown,* with him *Thos. M. Brown,* for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The plaintiff was driving a pair of farm horses attached to a farm wagon, partially loaded with coal, along Ohio street in the city of Allegheny. The defendant company operates a double track electric railway on said street. The plaintiff was driving in the rear of two other wagons on the south side of the street, next to the curb. He desired to turn north on Cedar street. Before reaching the intersection of the two streets, he attempted diagonally to cross Ohio street, and in so doing was compelled to cross both of the tracks of the defendant company. He says that before starting he looked in both directions and saw no car on the south track, but did see one approaching on the north track and about 300 feet distant. He turned his horses diagonally across. The car struck about the middle of the wagon. The injury for which damages have been recovered was the result. The appellant claims that the point of charge requesting a directed verdict should have been affirmed. This is the only error assigned. The negligence alleged is the undue speed of the car and the failure on the part of the motorman to stop the car in time. What is the evidence on this point submitted by the plaintiff? He first saw the car at a distance of 300 feet, and was asked, "When you looked at this distance could you tell whether it was coming fast or slow? A. Not very well at that distance. Q. Its head was towards you? A. Yes, sir. Q. Coming down that way? A. Yes, sir. Q. You started to cross the track; tell us how far you got and what occurred. A. I thought the car was going to catch me, and when I got a good look at it she appeared to be going awful fast. Q. Where were you then? A. I had my horses across the track then." And on referring to the speed further, he says that the car was going "pretty fast." Mr. Pietsch, a witness for the plaintiff,

says that the speed was "the regular speed they run." Another witness says: "I can't just say exactly what speed it would be, but it was running about as fast as ever I saw a street car run anywhere." This is all that a somewhat careful examination of the testimony discloses on the subject of undue speed.

On the other allegation of negligence, the plaintiff says that as the car was nearly upon him, he threw up his hand and called a warning to the motorman, both of which acts, the plaintiff says, were unheeded.

The main obstruction to a recovery by the plaintiff in this case is his own course of conduct. So frequent have been the statements of the rights and obligations of street cars and the public on foot or in vehicles, that no need is apparent for their reiteration. See Cupps v. Traction Co., 13 Pa. Superior Ct. 630. The plaintiff here looked before starting to cross the two tracks. He admits that he saw the moving car approaching. He was unable to form an estimate of its speed until, having gotten upon the track, he saw the inevitability of the collision, which he tried to avert by striking his horses with the whip, and succeeded only in getting them, but not his wagon, beyond the further track. The case discloses only another of those incidents of the city streets become common already under the modern provision made for rapid transit. It is but another case of what in colloquial phrase is called "taking chances." But the man who "takes chances," when he loses, cannot hold others liable for his miscalculation. It is a course of action reprehensible, not only because of the injury suffered by the individual, but also because it imperils the lives and safety of many others. Had the plaintiff but followed the course he was pursuing until he had reached the intersection with Cedar street, the car with which he collided would not have been in his way. It may be that the acts of stopping and looking by the plaintiff were performed, as he alleges, but a looking which leads a man to drive in front of a rapidly approaching car, followed by no other look just before driving upon the track, but only by a look after getting upon the track when the car is upon him, is not the kind of looking which is contemplated by the rule of law. No error in a close calculation of a chance can relieve from the charge of contributory negligence. In the case of Cupps v. Traction Co., supra, there was direct testimony by the plaintiff that he looked before starting to cross

the double track, and that he did not look again until he was upon the second track, where he was struck. In this case, the plaintiff does not expressly say that he did not look just before he attempted to cross the second track. He, however, as will be seen by the testimony above quoted, was asked to "tell us how far you got and what occurred?" He was asked to detail all of the circumstances attending the accident, and particularly what he did. Opportunity was given to him to testify to the performance of his duty in respect to crossing. From the testimony nothing appears to indicate that he performed the duty of looking just before entering upon the track upon which he knew a car was approaching at a speed of which he was unable to form an estimate. While it is true that he was bound only to present a case free from contributory negligence, and not to disprove the existence of such negligence (Sopherstein v. Bertels, 178 Pa. 406), yet as his testimony purports to be a statement of just what he did, and, as it is not made to appear that he looked when he was required by law to look, the court should have directed a verdict for the defendant. See Boehmer v. Traction Co., 194 Pa. 313, and Kern v. Traction Co., 194 Pa. 75. In view of what has been said, we conclude that the judgment in this case should be reversed.

. The judgment is reversed.

RICE, P. J., and ORLADY, J., dissent.