# Potter, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Fright of horse—Evidence—Nonsuit.*

No error in a close calculation of a chance can relieve from the charge of contributory negligence.

Where a man, in a country district, in broad daylight, drives his horse very close to a track of a railroad before stopping, looking and listening, and as a train approaches the horse becomes so frightened as to become uncontrollable, and plunges across the track in front of a train, and the driver is killed, the latter is guilty of contributory negligence, and no damages can be recovered from the railroad company for his death.

Argued May 11, 1908. Appeal, No. 314, Jan. T., 1906, by plaintiff, from order of C. P. Union Co., Sept. T., 1905, No. 28, refusing to take off nonsuit in case of Sophia E. Potter v. The Pennsylvania Railroad Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Tresspass to recover damages for death of plaintiff's husband. Before McCLURE, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*Geo. B. Reimensnyder* with him *Phillip B. Linn,* for appellant.—The case was for the jury: McGovern v. Traction Co., 192 Pa. 344; Kuntz v. R. R. Co., 206 Pa. 162; Coolbroth v. R. R. Co., 209 Pa. 433; Toban v. Lehigh, etc., Coal Co., 24 Pa. Superior Ct. 475; Haughey v. Rys. Co., 210 Pa. 363; Patterson v. Dushane, 115 Pa. 334.

*Andrew A. Leiser* for appellee.—The traveler must stop at a convenient distance from the track and wait for the train to pass: Myers v. R. R. Co., 150 Pa. 386; Munckinhaupt v. R. R Co., 196 Pa. 213; Corcoran v. R. R. Co., 203 Pa. 380.

The deceased took his chances: Brown v. Traction Co., 14 Pa. Superior Ct. 594; Aiken v. Penna. R. R. Co., 130 Pa. 380.

OPINION BY MR. JUSTICE POTTER, May 25, 1908:

The reason given by the learned judge of the court below,

in entering judgment of compulsory nonsuit in this case fully justified him in refusing to take it off. The accident occurred at a grade crossing over a single track railroad, in a country district, in broad daylight. The deceased was a mail carrier, upon a rural route, and whatever may have been the precise circumstances at the time of the accident, it is clear that he drove his horse very close to the line of the railroad, before stopping to look and listen, if he did make any stop. Whether the horse came to a full stop or not seems doubtful; at any rate it was uneasy and was prancing, and as the train approached became so frightened as to be uncontrollable, and wheeling somewhat to the left, plunged across the track, in front of the train which struck the wagon and killed the occupant. The only inference which can fairly be drawn from the action of the mail carrier in placing his horse so near the track before stopping, is that he was positively negligent. He was perfectly familiar with the crossing, as he passed over it daily in the line of his duty. The road was level and he was free to avoid all danger by stopping at a safe distance from the track. It appears from the testimony that another team was just ahead, and the driver of that wagon whipped up and succeeded in getting safely over the track in advance of the train; but the mail carrier evidently concluded at the last moment that he could not do so, and therefore attempted to stop his horse when very close to the track, intending to wait for the passage of the train. Had his horse remained quiet he would probably have been safe, but as to this he took his own risk. He voluntarily placed himself in a position of danger. "No error in a close calculation of a chance can relieve from the charge of contributory negligence:" Brown v. Traction Co., 14 Pa. Superior Ct. 594. Counsel on both sides have analyzed the evidence in this case minutely, and have thoroughly argued the points involved. But the law governing the question is well settled, and we can see nothing in the evidence which would have justified the trial judge in submitting the question of contributory negligence to the jury, and he discharged a manifest duty in assuming the responsibility of pronouncing upon it himself.

There was no error in refusing to take off the nonsuit, and the judgment is affirmed.