# Schuck, Appellant, *v.* West Side Belt Railroad Co.

*Appeals—New trials—Discretion of court.*

1. The supreme court will not reverse because of the refusal to grant a new trial, unless it clearly appears the court below abused its discretion in not granting it.

*Railroads—Eminent domain—Evidence—Opinion of witness as to value—Use of property for particular purpose.*

2. A witness called to testify as to the value of real estate at a particular time, must have personal knowledge on which to base his opinion, or he will not be held competent; knowledge obtained from the public records is not sufficient for the purpose.

3. Evidence which tends to show that, as a practical matter, a property can or cannot be used to advantage in a given way, is admissible in proceedings to assess the value of that property, when it is taken under the right of eminent domain.

*Evidence—Rebuttal—Sur-rebuttal—Discretion of court—Practice, C. P.*

4. Where there has been or should have been testimony in chief touching a particular matter, if the party wished to have it considered by the jury, it is within the sound discretion of the trial judge whether evidence regarding it will be permitted in rebuttal or sur-rebuttal.

Argued March 17, 1925. Appeal, No. 14, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1922, No. 2500, on verdict for plaintiff, in case of Conrad Schuck v. West Side Belt Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of jury of view. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $97,482.35. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Thomas L. Kane,* with him *Lee C. Beatty,* for appellant.—The trial court erred in excluding the testimony of Frank H. Speer as to value of the land: Com. v. Eyler, 217 Pa. 512; Murray v. Frick, 277 Pa. 190; Richardson v. Stewart, 4 Binn. 198; Plank-Road Co. v. Ramage, 20 Pa. 95; Phila. House-Wrecking Co. v. Nolen, 252 Pa. 443; Blackstock v. Leidy, 19 Pa. 335; Laubach v. Laubach, 73 Pa. 387; Walker v. Walker, 254 Pa. 220; Dietrich v. Davies, 274 Pa. 213.

It was error to admit in evidence the cost of filling in the land, and to instruct the jury to determine the cost of building a covered sewer for Saw Mill Run: Graham v. R. R., 145 Pa. 504; Shevalier v. Tel. Co., 22 Pa. Superior Ct. 506; Finn v. Gas & Water Co., 99 Pa. 631; Becker v. R. R., 177 Pa. 252; Machesney v. R. R., 252 Pa. 225; Rowan v. Com., 261 Pa. 88.

The evidence of John M. Rice as to cost of construction of a new siding was proper rebuttal: Stetson v. Croskey, 52 Pa. 230; Acklin v. Oil Co., 201 Pa. 257; Benner v. Fire Assn., 229 Pa. 75; Aland v. Pyle, 263 Pa. 254.

It was an abuse of judicial discretion not to grant plaintiff a new trial.

*John S. Wendt,* for appellee.—A witness, to be competent as an expert, must have such a knowledge of the holding or selling values of properties in the neighborhood as the subject was reasonably susceptible of: Machesney v. R. R., 252 Pa. 225; White v. R. R., 222 Pa. 534; Rea v. R. R., 229 Pa. 106, 122; Friday v. R. R., 204 Pa. 405; Tiffany v. R. R., 262 Pa. 300; Michael v. Pipe Line Co., 159 Pa. 99; Scott v. R. R., 33 Pa. Superior Ct. 574; Struthers v. R. R., 174 Pa. 291; Lawandoski v. Ry., 35 Pa. Superior Ct. 10; Pittsburgh V. & C. Ry. v. Vance, 115 Pa. 325; Allen's App., 99 Pa. 196.

The cost of filling was admissible: Rea v. R. R., 229 Pa. 106; Patton v. Phila., 175 Pa. 88; Savings & Trust Co. v. R. R., 229 Pa. 485.

Evidence admitted in rebuttal was proper: Mowday v. Moore, 133 Pa. 598; Muntz v. Land Co., 222 Pa. 621; Jessup v. Loucks, 55 Pa. 351; Yardley v. Cuthbertson, 108 Pa. 395; Gaines v. Com., 50 Pa. 319; Hoffman v. Berwind-White, etc., Co., 265 Pa. 476; Young v. Edwards, 72 Pa. 257.

OPINION BY MR. JUSTICE SIMPSON, April 13, 1925:

Complaining that he was awarded an inadequate sum of money, plaintiff appeals from a judgment, entered on a jury's verdict, assessing damages for the taking of his property under the right of eminent domain. Considering his evidence alone, the verdict is inadequate; weighing only that offered by defendant, the recovery was excessive. Which was entitled to the greatest weight, was a question for the jury, under proper instructions from the trial judge; and the latter, who saw the witnesses, and the court in banc,—aided by consultation with him, after argument on the motion for a new trial,—are best able to judge whether or not the verdict was a proper one; hence we will not reverse because a new trial was refused, since it does not clearly appear that the court below abused its discretion.

Nor are we convinced, after a careful consideration of the charge, that plaintiff has a just ground to complain of it, either in whole or in part. So long as the jury was left free to form its own judgment, as it was, there was no error in telling it that the evidence indicated that Saw Mill Run, which bisected the property, could not be turned into a sewer except at great expense, and "therefore, *as this property stands to-day*, the practical use by occupation, the use by the erection of buildings or the placing of material upon the land, is limited to the land not occupied by the streets and not occupied by the bed of Saw Mill Run." Nor, for a like reason, was it error to call the jury's attention to the admitted fact, that frequently buildings do not enhance the value of the land to the extent of their actual cost, the court being careful

to say: "I cite that, not because, necessarily, that is this case, but just to illustrate what I mean......What additional value to the land does the presence of these buildings on it add to the land? And that, you will determine in fixing the value of the land with the buildings on it." Nor, because there was proof of the purchase of other adjoining property, and offers for parts of that taken in this proceeding, was it error to say that "we are dependent *very largely* on what we call opinion evidence......it is the best evidence we can get in these cases, and......it is used simply because we cannot get any better." What has been said disposes of all the assignments, except three which allege trial errors.

The first of these averred that the court below erred in refusing to allow a witness, called by plaintiff, to testify to the fair market value of the property prior to the taking. Appellant argues the case as if the objection of incompetency related to the question; whereas it related to the witness. When the question was first asked, he was required to be turned over for "cross-examination as to competency." Upon this point, he testified that he had "known the property for years, and had...... property of this kind and other kinds all over the city"; that he had been on this property in January, February or March, 1920, but did not "look at it at that time with a view of estimating its value"; that "on or before May 4, 1920, [the date of the taking, his] knowledge......of sale or holding prices in that community......was mainly [of his] own properties" several miles away; that he had "neither sold, bought, nor handled any property......within several miles" of plaintiff's property, and that his knowledge as to sales was obtained by looking "them up in the records for the purpose of testifying in this case." This was inadequate proof of his competency (Tiffany v. Delaware, Lackawanna & Western R. R. Co., 262 Pa. 300, 303), and hence it was not error to exclude him from testifying.

Plaintiff had properly given evidence of the best use to which the property taken could have been put in its entirety. In the course of it he showed that Saw Mill Run, which, as stated, bisected the property, overflowed its banks at times, and the question at once arose how could have been best utilized all the property under such circumstances. Plaintiff's engineer stated what, in his judgment, it would cost to prevent the overflow, by building walls and covering the creek with a concrete slab. Defendant, when its case was being presented, asked what fill would be required to accomplish that purpose. This was not objected to, but the question which followed, inquiring as to the cost of the fill, was, and its allowance forms the basis of one of the assignments of error. This fact bore directly on plaintiff's allegation that the use of the whole property was practicable; was a direct answer to his claim, and was, of course, admissible. The evidence was not produced, as appellant seems to think, for the purpose of fixing a sum which should be deducted from the value of the property, when ascertained; but in order that the jury might determine, as a practical matter, whether plaintiff's testimony as to the way he could have used all his land, was correct,

The final point to be considered is the overruling of a question propounded to one of plaintiff's witnesses. It appears that, some time prior to the condemnation proceedings, plaintiff and defendant had a controversy regarding a switch which connected plaintiff's property with defendant's railroad tracks. Defendant gave notice that the switch must be removed at the expiration of thirty days, which was the time fixed in the agreement between them, when the switch privilege was granted. Plaintiff then filed a petition with the Public Service Commission, and these proceedings resulted in an order approving the removal of the switch, on condition that defendant put a switch connection elsewhere and allowed plaintiff to join with it. At the time of the trial the new switch had not been put in place. In his case in

chief, plaintiff and his witnesses testified that his property was greatly enhanced in value by reason of the continued railroad facilities to which it was entitled, and plaintiff himself testified to the cost to which he would be put in installing the new switch. To meet this, defendant offered evidence tending to show that the cost would be much greater. In rebuttal, plaintiff recalled one of his witnesses, and asked him to "state whether or not you agree with [the testimony of defendant's witness on the point], and if not, in what respect you differ?" This was objected to as not rebuttal, but an attempt to reopen the case. The objection was sustained. While it would not have been error to admit the evidence, since the order of proof is in the sound discretion of the trial judge, still, as plaintiff had already produced evidence on the point, it was not an abuse of discretion to sustain the objection: Young v. Edwards, 72 Pa. 257; Muntz v. Cottage Hill Land Co., 222 Pa. 621.

The judgment of the court below is affirmed.