# Shetler *v.* Shetler Cash Stores Co., Appellant.

*Practice, C. P.—Trial—Charge of court—Issue to determine validity of judgment—Limitation as to question to be considered—Corroborative evidence.*

1. Where a special issue is being tried, it is not error to charge the jury that the actual question under consideration is the only one to be decided by them, if the corroborative evidence is nevertheless submitted to them to aid in determining that question.

*Appeals—Judgment—Weight of evidence.*

2. A judgment will not be reversed merely because, judging from the printed record, the apparent weight of the evidence is in favor of appellant.

*Evidence—Refusal to admit document in evidence—Admission in fact—Practice—Trial.*

3. It is not error to refuse to admit a document in evidence, where the only relevant fact, which it would tend to prove, is expressly admitted by the opposite party.

Argued April 14, 1925. Appeal, No. 160, Jan. T., 1925, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1922, No. 728, on verdict for plaintiff, in case of H. A. Shetler v. Shetler Cash Store Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Issue to determine validity of judgment. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*S. M. R. O'Hara,* with him *Rush Trescott,* for appellant.

*E. C. Jones,* with him *Richard B. Sheridan,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 4, 1925:

In part consideration for its purchase of certain property belonging to plaintiff, defendant gave to him its judgment note for $15,000, with 190 shares of its preferred stock as collateral security. The note was entered up and execution issued on it, whereupon defendant obtained a rule to show cause why the judgment should not be opened, alleging that, after the giving of the note, plaintiff had verbally agreed with two of its officers, to accept the stock in full payment of the debt; that the shares had thereupon been transferred to him, and he had received all subsequent dividends on them. The court made the rule absolute and directed an issue to determine the following question: "Was the note on which judgment has been entered, paid as alleged in the defendant's petition to open the judgment?" No exception was taken to the form of the issue, nor does any assignment of error now object to it. The case was tried in due course, and a special verdict rendered, stating that no such agreement had been made. From the judgment entered thereon, defendant appeals.

It is admitted that, at the time the alleged agreement was made (which making plaintiff expressly denied), the only persons present were plaintiff and two officers of the defendant company. It necessarily follows, therefore, that, under the issue above set forth, the court be-

low did not commit error when it said to the jury that "defendant's case depends primarily and mainly upon the testimony of [these two officers]......If you believe their testimony, your verdict should be 'Yes' in favor of defendant, that is, you find that the obligation was paid in that manner; if you do not believe their testimony, the defendant's case goes to the scrap heap, and your answer to the question should be 'No' in favor of plaintiff, that is, that he did not receive payment, and therefore his judgment stands good": Edwards v. Gimbel, 202 Pa. 30. It is true, defendant produced much corroborative testimony, bearing on that single issue, but plaintiff did likewise, and all of it was duly submitted to the jury, to aid them in determining whether or not plaintiff made the agreement alleged; nevertheless this evidence was only corroborative, and it is clear defendant's case fails, if, after considering all of it, the jury did not believe the testimony of the two officers that plaintiff agreed to take the stock and cancel the debt. Judging from the printed record alone, the weight of the direct, as well as the corroborative evidence, would seem to have been in favor of defendant, but this was an issue of fact for the jury, and not a question of law for the court; hence, as there was ample evidence to sustain the verdict, and the trial judge, who saw the witnesses, and his colleagues, who consulted with him on the motion for a new trial, approved of it, the judgment will not be reversed because of the apparent weight of the evidence: Schuck v. West Side Belt R. R. Co., 283 Pa. 152.

Nor do we find anything in the charge in its entirety, or in the brief extracts quoted from it, which calls for reversal, or even for serious consideration. Of the assignments referring thereto, most contain but a single sentence each (dissevered from its context), which is alleged to be individually harmful, because of inferences which appellant seeks to draw from it. When the entire charge is considered, however, the extracts are unobjectionable.

It is averred also that the court below erred in refusing to admit in evidence two reports made by expert accountants, one showing the assets and liabilities of the company, and the other its outstanding preferred stock. The only purpose for which either of these papers could have been admitted, if at all, was to show that the judgment note of plaintiff was not scheduled as a debt, and that he appeared, by the books, to be personally the owner of the 190 shares of stock originally given to him as collateral to the note. These were admitted facts, however, and appeared in the books themselves, which defendant produced; hence the reports were not needed for the purpose stated. The indebtedness to plaintiff did not appear in the books, either before or after the time of the alleged agreement; and the books, from the beginning of the transaction to its end, showed the stock as standing in plaintiff's name, without change, but not in what capacity he held it. The effect of those admitted facts was left to the jury, as was also the further fact that plaintiff received the dividends declared upon the stock. Defendant claimed it paid them to him because of his ownership of the shares; he asserted that he received them because he held the stock as collateral; in fact, he allowed credit for them when he entered up the judgment note.

Nothing would be gained by considering the assignments of error in detail. We have carefully gone over the entire record, and, notwithstanding the able argument of counsel for appellant, we are not convinced that any of them should be sustained.

The judgment of the court below is affirmed.