Argued April 16, 1928.
Frances Moraski, a minor aged eighteen, by her father and next friend, and her father in his own right, brought an action against the United Freight Motor Company and the Philadelphia Rapid Transit Company, *Page 227 
claiming that, by reason of the joint negligence of the defendants, the daughter had sustained serious injury. Verdicts were rendered in favor of Frances for $22,000, and for the father in the sum of $3,000. Later, the court in banc reduced the former to $6,500, and judgments were entered for the amounts mentioned against the two defendants. Each has appealed in both cases, assigning, in part, the same errors, and the four appeals were heard as one, and will be disposed of together.
The facts involved are not complicated. The plaintiff, an employee of a hosiery mill, entered the car of the transit company as a passenger, intending to go to her usual place of work. It proceeded west along Allegheny Avenue at a rate of speed found by the jury to be excessive under the circumstances. Jasper Street, crossing at right-angles, was approached without the sounding of a gong, or the giving of other warning. As it was reached, a truck of the United Freight Motor Company advanced from the right, moving north on the intersecting highway at a rapid rate. Though the oncoming trolley was in sight, the driver attempted to cross in front, and had reached the second rail, when the rear of the automobile was hit. Though weighing, with its load, twelve tons, the force of the impact was such as to cause it to overturn, after first moving across the avenue to the northwest corner. Plaintiff, with other passengers in the car, was thrown as a result of the collision, suffering injuries, for which damages were asked.
There was no question of contributory negligence on the part of plaintiff, and the controversy resolved itself into the determination as to which defendant had, by its negligent conduct, caused the injury, or whether it resulted from the concurrent act of both. Under careful instructions, the jury found the latter to be the fact, and rendered verdicts accordingly. There was evidence to show a lack of due care on the part of the transit company, and the same can be said of the codefendant. Evidently the motorman thought he had superior rights *Page 228 
on the highway, but this did not relieve him from the duty to use due care to prevent the impending collision: Woomer v. Altoona L. V. E. Ry. Co., 80 Pa. Super. 261. On the other hand, the driver of the truck apparently believed he was entitled to the right of way since he was approaching the intersection, at the same time, from the right (Act June 30, 1919, P. L. 678), but this did not justify him in proceeding without proper caution: Alperdt v. Paige, 292 Pa. 1. There was sufficient evidence to show negligence by both parties, which concurring caused the accident. Without further discussion, the first assignment of error of the transit company, in which complaint is made of the failure of the court below to grant its motion for a new trial because of lack of sufficient proof of carelessness to justify a verdict in so far as it was concerned, must be dismissed. It cannot be said that there was an abuse of discretion in refusing to grant this request, and it is only in such case that we will interfere: Schuck v. West Side Belt R. Co., 283 Pa. 152.
The negligence of which the car company was guilty is found in the dangerous speed at which the trolley moved in a congested city district, without giving warning at the cross street, but this in itself did not cause the injury to the passenger. The lack of care of the freight company rested on the failure of the driver of its truck to observe caution in crossing Allegheny Avenue in front of the trolley, which was advancing in plain sight, but this alone did not result in harm to the plaintiff. "What injured her was the collision, which was the direct result of the combined negligence of the two defendants, and, for the immediate consequences of what they jointly brought about, they are and ought to be jointly accountable, even though the plaintiff might have sued them separately, joint wrongdoers being liable both jointly and severally": O'Malley v. P. R. T. Co., 248 Pa. 292; Harkin v. Toy and P. R. T. Co., 278 Pa. 24, 30. In this case, the jury has found both parties negligent, *Page 229 
and, if so, their concurrent act undoubtedly resulted in the collision, without which plaintiff would not have been injured. They are, therefore, jointly liable for the consequences directly arising from it.
The freight company here complains of its joinder with the Philadelphia Rapid Transit Company as a defendant, and, having been so made a party, to the refusal of the court below to continue the trial of the case on the ground of misjoinder. It was contended that the parties could not be made codefendants, since the carrier owed to plaintiff a higher degree of care than did the owner of the motor vehicle. To the overruling of this objection, and the refusal to answer a point stating that the transit company was under greater responsibility toward its passenger than was the freight company, three assignments of error have been directed by the latter.
In Bunting v. Hogsett, 139 Pa. 363, 376, an action against a wrongdoer for injury to a passenger in a train, a previous action against the carrier having been decided adversely to plaintiff (Bunting v. R. R. Co., 118 Pa. 204), it was said: "If a person is injured by the concurrent and contributory negligence of two persons, one of them being at the time the common carrier of his person, there is no reason, founded in public policy or otherwise, which should release one of them and hold the other. It is true, the carrier may be subjected to a higher degree of care than his cotort-feasor, but this affords no reason why either or both of them should not be held to that degree of care, respectively, which the law imposes upon them, and to be answerable in damages accordingly. The general rule undoubtedly is, if a person suffers injury from the joint negligence of two parties, and both are negligent in a manner which contributes to the injury, they are liable jointly and severally, and it would seem in principle to be a matter of no consequence that one of them is a common carrier. Neither the comparative degrees of care required, nor *Page 230 
the comparative degrees of culpability established, can affect the liability of either."
The right to sue two parties responsible for the injury has long been established in Pennsylvania. Prior to 1923, in such a joint action, a nonsuit could not be entered as to one alone, or a verdict so rendered, where the evidence showed the other not to be responsible. This is no longer true, however, since the passage of the Joint Suit Act (June 29, 1923, P. L. 981), procedural legislation which has found approval in this court: Cleary v. Quaker City Cab Co., 285 Pa. 241. It is now the duty of the trial judge in case of doubt to submit to the jury the question whether the injury was the result of concurrent negligence, as was done in the instant case. Both before and since that act, where concurrent negligence was shown, joint recoveries have been sustained. Such judgments have been upheld where the defendants were an owner and an independent contractor (Gorman v. Charlson, 287 Pa. 410), two carriers (Downey v. Traction Co., 161 Pa. 131; Goorin v. Traction Co.,179 Pa. 327), or a common carrier and the owner of a truck or other vehicle: O'Malley v. P. R. T. Co., supra; Cleary v. Quaker City Cab Co., supra; Harkin v. Toy and P. R. T. Co., supra. But appellant urges that these are not cases where a passenger was injured in a vehicle of one of the defendants, who was a carrier owing a higher degree of care to plaintiff than did the other tort-feasor. Such situation is found in Goldman v. Mitchell-Fletcher Co., 285 Pa. 116, and in Caplan v. P. R. T. Co., 92 Pa. Super. 251.
Objection is also made to the refusal of the court to charge, as requested in a point presented, that the responsibility of a carrier to a passenger was higher than that of the owner of the truck, who was bound to use reasonable care only. The refusal of the request did the freight company no harm. If the verdict had been adverse to plaintiff, she might have complained that, as to one of the defendants, there was a greater responsibility *Page 231 
than defined in the charge, but no one else could have been injured by the omission. The question for the jury was whether the loss was the result of a joint negligence of the two defendants, and, as to this, adequate instructions were given, with admonition that, if either was not guilty of any negligence, or did not participate in a joint tort contributing to the accident, no recovery could be had against such party. The charge was sufficient (O'Malley v. P. R. T. Co., supra, p. 298) and no error was committed in declining to read the third point, which would have tended only to confuse.
Both appellants present assignments asserting the excessiveness of the damages awarded. It is the duty of the court below to see that no oppressive verdict is permitted to stand, and, if so large as to indicate that the jury has misused its power, to set aside or cause it to be reduced: Goldman v. Mitchell-Fletcher Co., supra. But the appellate court will not interfere in such cases unless the amount named is so grossly exorbitant as to be clearly unjust, and the refusal to grant relief below evidences an abuse of discretion: Dziak v. Swaney, 289 Pa. 246; Petrie v. Kaufmann Baer Co.,291 Pa. 211. In the instant case, it is apparent that the court in banc scrutinized the testimony, as was its duty, to prevent the entry of an unreasonable judgment. It reduced the verdict rendered from $22,000 to $6,500, and we cannot say that there was no testimony to justify such award. The plaintiff was earning $25 a week at the time of the collision, and had not recovered when the trial took place. She had been in good health before the accident, and has since suffered from various injuries described by her physician. The court below was convinced of loss to the extent of the recovery permitted, and the amount finally allowed is not so large as to justify interference by us. A like conclusion is reached in the case of the judgment for the father in the sum of $3,000. His daughter's wages from the time of the injury to her majority, 117 weeks in all, with the sum paid for medical *Page 232 
expenses, would equal this amount, and, until the date of trial, he had furnished her support.
The judgments in the four appeals, entered to Nos. 127, 128, 133 and 134, January Term, 1928, are affirmed.