## Palmer *versus* The Ridge Mining Company.
## The Same *versus* The Same.

A transferree of shares in the stock of an incorporated company, subject to the payment of future calls, is not personally liable for such unpaid instalments, in the absence of any such provision in the act of incorporation.

ERROR to the District Court of *Allegheny county*.

These were two actions of *assumpsit* by the Ridge Mining Company, of Michigan, against Walterman Palmer, to recover the amount of certain unpaid instalments on stock in the said company, owned by the defendant.

The defendant became the owner, by transfer from other parties, in all, of 763 shares of the stock of the Ridge Mining Company, subject to the unpaid assessments thereon; and subsequently to his thus becoming the owner of these shares, four assessments were called for by the company, of which he was duly notified.

The third section of the plaintiff's act of incorporation provides as follows:—" The officers of said company shall be stockholders therein, and shall consist of a President and Board of Directors, of whom the President shall be one; a Secretary and Treasurer, who may, at the pleasure of the company, be one and the same person. And the said company may enact by-laws, not inconsistent with the laws of this state, to levy assessments on the shares of its stock—to forfeit and sell said shares for non-payment of any such assessment—in such manner as said by-laws shall prescribe, &c."

The company enacted the following by-law in reference to unpaid assessments:—

" They (the directors) shall have power, whenever they deem it necessary, to make a requisition upon the several stockholders, for the payment of such instalments upon the shares held by them, as they may deem fit, upon giving thirty days' previous notice of the same, in one or more newspapers published in the city of Pittsburgh, specifying in such notice, the amount of such instalment per share, and the time and place of payment of the same. *Provided, however*, that no instalment shall be called in, which, with the amount already paid, shall make the total amount exceed the sum authorized by the charter; *And provided also*, that notice of the call of any instalment may, at the discretion of the board, be given by letter through the post-office, addressed to all stockholders whose residence is known to the secretary. And it shall be competent for the directors, after the expiration of thirty days from the period at which any instalment shall become due, to forfeit the stock of such parties as may fail in paying such instal-

[Palmer v. The Ridge Mining Company.]

ment and the interest thereon, from the time of such instalment being due, without any further form or act than notification under the seal of the company, to the parties so defaulting as aforesaid, to their, his, or her usual place of abode, through the post-office, stating that such forfeiture had taken place; and the stock so forfeited, or so much thereof as shall be deemed necessary to pay the instalments due, together with the costs and interest, shall be sold at auction, by the treasurer, to the highest bidder; and the proceeds of the same, after paying all expenses of the sale, shall be appropriated to the payment of such delinquent instalment, and the residue be paid over to the person previously owning the stock so forfeited and sold.

"And the possession of a certificate of stock shall not be esteemed as vesting any ownership of the same in any other than the person in whose name it is issued, as between the company and such other holder, until the transfer is duly made on the books, as aforesaid, and until all instalments due are paid."

These facts were embodied by the parties in a case stated, wherein it was agreed that, if the court should be of opinion that the plaintiffs had no right to sue the defendant for the said assessments, but were limited in their remedy to the forfeiture of the defendant's stock, then judgment to be entered for the defendant; otherwise, judgment to be entered for the plaintiffs, for the amount of the unpaid instalments; with liberty to sue out a writ of error.

The court below gave judgment for the plaintiffs on the case stated; in the one case, for $1170.36, and in the other, for $1370.37; whereupon, the defendant sued out these writs, and here assigned the same for error.

*Collier*, for the plaintiff in error.—Unless a party *clearly engages to pay* assessments, he cannot be sued for the amount of them by the company: Angell & Ames, page 420, § 5. There must be an express promise *to pay*, to create individual liability: 6 *Mass. R.* 40; 7 *Mass. R.* 102; 8 *Mass. R.* 138; 10 *Mass. R.* 327; 14 *Mass. R.* 286; 10 *Pick.* 370; 14 *Pick.* 483; 10 *Maine* 478; 30 *Maine* 547; 31 *Maine* 470; *N. Hamp. R.* 380; 1 *Binn.* 70; 17 *Barbour (N. Y.)* 573.

*McKnight*, for the defendants in error, cited *Ang. & Ames on Corp.* §§ 370, 517, 534; 1 *Casey* 366; 2 *Barb.* 294; 7 *Casey* 496–7; *Ang. & Ames*, §§ 549, 360; 1 *Binn.* 70; 2 *Hall* 509; 21 *Wend.* 273, 296; 6 *Barr* 421.

The opinion of the court was delivered by

Lowrie, C. J.—The case of Long *v.* Penn Insurance Company, 6 *Barr* 421, has no bearing on this question. The question there was, whether the defendant was really a stockholder, having pur-

[Palmer *v.* The Ridge Mining Company.]

chased stock as trustee; and not one about the liability of stockholders to an action for unpaid calls; for the act of incorporation in that case (*P. L.* 1841, page 416), expressly made "any subscriber or stockholder" so liable.

The case which rules these, is Canal Company *v.* Sansom, 1 *Binn.* 70, and that is direct, whether the purchase was made expressly subject to unpaid calls or not; and the decision has been almost universally admitted as sound. In both these cases, the purchase is expressly so subject, and though this fact is diversely expressed, it is substantially the same. In the case just cited, as also here, the act of incorporation contained such a condition. The law there, and the transfers here, as well as the law, made the stock subject to further calls, and both forms are equivalent. As between the parties making and receiving the transfer, there might possibly be a contract to pay the calls, but there is none with the company, unless the act of incorporation requires it.

The case of The Railroad Company *v.* Boorman, 12 *Conn. R.* 530, 2 *Am. Railway Cas.* 28, in connection with the immediately preceding and kindred case, exhibits great judicial ability; but we cannot apply it here without a *petitio principii.* Logically, we can obtain no definite results from undefined premises. There is here the relation of company and shareholder; but, before we can say that the contract alleged is involved in this relation, we must know the terms or definition of the relation. It is true that, if we find a relation actually existing, and do not find any actual definition of it, by special law or by contract, we must assume that it has a definition according to the customary character of such relations, and thus we imply its terms. But where the definition is expressed by the parties, or by the act of incorporation, there is no place for implication.

It is essential to a shareholder's contract, that it should be definite in amount and proportion; but it is not essential, that he should be personally liable for unpaid instalments, as numerous cases show. The instalments paid may be regarded as a sufficient pledge for those that remain unpaid. We must, therefore, look to the act of incorporation, and to the contract which it authorizes, for the definition of a shareholder, and for the liabilities which he assumes, as such. In the cases before us, he undertakes no further than that his stock may be forfeited, if he neglect to pay up instalments called for; and no action lies for them. These judgments ought, therefore, to have been entered in favour of the defendant.

Judgments reversed, and judgment in each case for the defendant below, and record remitted.