# Johnston, Appellant, v. Anderson.

*Beneficial associations — Unincorporated associations — Forfeiture of membership—Assessments.*

Where the certificate of membership and the by-laws of an unincorporated beneficial association provide that upon a failure to pay assessments within a certain time, the certificate shall be null and void, and the member shall forfeit his interest, moneys, rights and benefits in the association, a member who has refused to pay assessments within the time specified in the certificate, and who has thereby forfeited his membership, cannot be compelled after such forfeiture to pay the assessments.

Argued May 11, 1903. Appeal, No. 123, April T., 1903, by plaintiff, from judgment of C. P. Butler Co., May T., 1903, No. 85, for defendant on case stated in suit of George C. Johnston, Receiver of Odd Follows Association of Pennsylvania, v. C. E. Anderson. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and MORRISON, JJ. Affirmed.

Case stated to determine liability for assessments.

GALBREETH, P. J., filed the following opinion:

The plaintiff in this case is the receiver, duly appointed, of

the Odd Fellows Endowment Association of Pennsylvania, an unincorporated association organized of members of various lodges of the Independent Order of Odd Fellows in the state of Pennsylvania, for the purpose of paying benefits on the death of the members of said association to their beneficiaries, and not for profit. The defendant was, for many years, a member of this association. Section 1 of article 1 of the laws and regulations of said association set forth that "its object shall be the creation and perpetuation of a fund for the relief of the widows and orphans of its members in such a manner as may be prescribed by its laws."

The nature of the mutual obligations and relations existing between the association and its members grows out of the application for membership and the rules and regulations of the association. When the defendant entered the association he signed an application, in which the following clause appears as part of the contract between himself and the association, viz :

"And it is hereby expressly stipulated and agreed that the above application and this declaration shall form the basis of the contract between the above named applicant and the said Odd Fellows Endowment Association of Pennsylvania : . . . . That if any violation of the conditions of the certificate of membership issued upon his application shall occur, or if there shall be any omission or neglect to pay any of the assessments, on or before the days on which said assessments shall fall due, then the certificate of membership which may have been issued upon this application shall become null and void, and all moneys which shall have been paid shall be forfeited to said Odd Fellows Endowment Association, for its sole use and benefit, except when said membership shall be revived, under the provisions of its laws and regulations."

"It is understood and agreed that I am required to pay the sum of $2.00 into the treasury of the association for each assessment that may be ordered by the board of managers. Upon my failure to pay the above assessment within twenty days after the date of issue, my certificate shall be null and void and all liabilities of the said association to me and my liability to it shall cease."

In section 2, article 8 of the by-laws of the association, it is provided, inter alia, "if said assessment shall not be paid with-

in twenty days from the date of the notice, by any member, such member shall be deemed in arrears and not beneficial, and his beneficiary shall not be entitled to benefits," and in section 3 of the same article it is provided, inter alia, as follows : " Any member of the association who shall fail to pay his assessments within the above prescribed twenty days from date of notice, forfeits his membership, and all moneys he may previously have paid to the association and all rights to funeral benefits in this association, and his name shall be stricken from the roll of members."

The notice of assessment is as follows : " In consequence of the death of the following named brother, you are required to pay $    into the treasury of this association within twenty days of the date hereof, failing to do so you forfeit all claims for benefits in this association."

In article 6, section 4, it is provided that " the board of managers shall have power to make assessments upon the members of this association whenever the funds in the treasury shall require the same, which assessment must be paid by the members within twenty days from the date of the notice. Provided, no assessment be made when the funds in the treasury exceed the sum of $5,000."

The defendant in this case had been a member and paid his dues regularly for a period of about twenty-three years.

On September 14, 1900, and at various other times up to and including January 18, 1901, the board of managers made assessments aggregating forty-three in all. On January 2, 1901, notices of ten of these assessments were sent out to the members, one of which notices was received by the defendant, but neither these nor any of the said forty-three assessments was paid by him. On January 15, 1901, the said association, at its annual meeting, resolved to dissolve, and cease doing business, " and to take all necessary legal steps that may be required to liquidate, in so far as possible, all liabilities of the association and its members, arising from its voluntary organization as an unincorporating beneficial society." And on January 23, 1901, a decree of dissolution of the association was duly made by the common pleas court No. 2, of Allegheny county, sitting in equity, and on June 4, 1901, the receiver was duly appointed. Under the rules and regulations of said association the defend-

ant was a member thereof up to January 22, 1901, being twenty days after the notice of January 2, and one day prior to the decree of dissolution.

On part of plaintiff it is contended that, although the defendant forfeited his membership by his failure to pay the assessments, of which he had notice, yet that fact did not relieve him from liability for those assessments necessary to pay benefits on account of deaths occurring during his membership, that the same rule of law obtains in this case as in cases of mutual fire insurance or mutual live-stock insurance companies, which has been applied in many cases and is stated in the case of the People's Fire Insurance Company v. Hartshorne, in 90 Pa. page 465, as follows : " The essential principle on which mutual insurance companies are organized, is that each member will pay his proportionate share of expenses incurred, and losses which happen during the period of his membership."

On the part of the defendant it is contended that this principle does not apply in this and similar cases, that the contract, arising out of defendant's application and the rules and regulations of the association, is a unilateral contract, imposing a liability on part of the association to pay benefits to the beneficiary at the death of the member, provided the member so dying had maintained his membership by paying his assessments, but imposing no liability on the member for assessments beyond that point where he chose to forfeit his membership by nonpayment of his assessments ; that his connection with the association is wholly voluntary, and can be severed at will without containing liability for assessments past or future, for the reason, as alleged, that neither his application, nor certificate of membership, nor the rules and regulations of association, contain anything which can be construed to be an express agreement or undertaking on his part to pay the assessments but that his doing so is wholly voluntary.

I have not been referred to any case in this state where the precise question at issue has been passed upon.    If the defendant's application for membership contained an express and absolute agreement on his part to pay assessments, or had any premium note accompanied the application, in either event the case would then possibly come under the operation of the rule above referred to, governing cases of mutual fire insurance,

and the defendant be held for the payment of assessments for all death losses occurring during his membership. The language contained in defendant's application can scarcely be said to come up to the standard of an express promise to pay, such as would create the relation of debtor and creditor between him and the association. It reads as follows : " It is understood and agreed that I am required to pay the sum of $2.00 into the treasury of the association for each assessment that may be ordered by the board of managers." Then follows the provision that on failure to pay within twenty days forfeiture shall follow and all liability on each side shall cease.

In the absence of the language quoted it would scarcely be contended that the defendant would be liable on an implied undertaking to pay the assessments, growing out of the fact of his membership, and the rules of the association requiring each member to pay assessments as made. The language of the application is simply a written recognition, on the part of the applicant, of the requirements of the association which would rest on him during the period of his membership. The same requirements would have existed and the same obligations would have rested on him in relation thereto, had no mention been made of them in his written application. He was presumed to know the requirements of the rules and regulations of the association before becoming a member thereof, and his written recognition of that which he was presumed to know, neither increases nor diminishes his liability nor does it create or impose any liability which would not otherwise have existed. If the defendant's contract with the association, growing out of his application and its rules and requirements, be viewed in the light of a policy of life insurance, then its language, wherein doubtful, should be most strongly construed against the insurer and in favor of the insured: Darlington v. Fire Ins. Co., 194 Pa. 650. I am therefore constrained to hold that the language of the defendant's application is not an absolute and express promise to pay.

The object of the association, as we learn from its laws and regulations, is " the creation and perpetuation of a fund for the relief of the widows and orphans of its members." The association, by its contract with each member, said to him, in effect: We will give you an interest in this fund so long as you continue to pay assessments made on you for its maintenance;

henceforth you are entitled to its benefits unless you fail to pay, within twenty days thereafter, any assessment made on you by the board of managers, in which event your contract is void and you forfeit to the association your interest in this fund. Thus the payment of each recurring assessment was a condition precedent to the further continuance of the benefits. Every payment of an assessment was an advance payment, in that it continued the membership of the member, so paying up until twenty days after the next assessment should be made, and the payment of each assessment became a condition precedent to continued membership and continued liability. The penalty for failure to meet and perform this condition is provided for in the contract itself and is the forfeiture to the association of the member's interest in the benefit fund. The defendant's undertaking being thus a condition precedent and not an absolute agreement to pay, the principle that no man can take advantage of his own wrong, or pay his debt by his own default, which finds a wide application in our courts, cannot be involved. If the defendant's contract be viewed as a contract of life insurance, then the payment of each assessment was a condition precedent to the continued life of the policy. I know of no case where, in a life insurance policy, any other liability was sought to be enforced or other penalty exacted for nonpayment of assessments or annual premiums, than forfeiture of the policy. And this is the only penalty provided in the contract of the defendant. The unilateral character of such policies seems to be generally recognized.

Although, as already said, the precise question involved in this case has not been passed upon, within my knowledge, by the courts of our own state, yet the line of reasoning followed in this opinion is supported, and the same question passed upon, in the case Lehman v. Clark, decided by the supreme court of Illinois, reported in 43 L. R. A. 648, and the case of Gibson v. Megrew, decided by the supreme court of Indiana, and reported in 48 L. R. A. 362. See also May on Insurance, secs. 341*a*, 342.

It should be kept in mind that the plaintiff association is an unincorporated society, composed of individuals who have voluntarily associated themselves together for purposes beneficial and benevolent. It was doubtless foreign to the ideas of its

organizers and those who subsequently entered into it that its requirements should bear down more heavily on any member than he felt could be borne by him, or that they should continue beyond a period when he chose to be freed from them. The door of forfeiture was left open to him and when once he passed through it he was freed from all liability to the association and it was freed from all liability to him, and all mutual obligations were canceled by the fact of his withdrawal. The payment of assessments looked to the future and not to the past, and by their payment or refusal to pay the member exercised his option of continued membership or withdrawal, and when he withdrew no liability followed him.

And now, April 13, 1903, for the reasons herein set forth, judgment is directed to be entered in favor of the defendant for costs.

*Error assigned* was in entering judgment for defendant on case stated.

*J. D. Marshall*, with him *L. L. Davis*, for appellant.—Where a policy has been surrendered by a member of a mutual company and the surrender accepted by the company, the member is not released from the payment of assessments for losses that occurred while the policy was in force : Schofield v. Leach, 15 Pa. Superior Ct. 354 ; Matten v. Litchenwalner, 6 Pa. Superior Ct. 575 ; Susquehanna Ins. Co. v. Mardorf, 152 Pa. 22.

The defendant cannot take advantage of his own wrong, or set up his own default alone to work a forfeiture of his contract unless his terms are clearly to that effect : Susquehanna Ins. Co. v. Leavy, 136 Pa. 499 ; Columbia Ins. Co. v. Buckley, 83 Pa. 293.

*A. G. Williams* and *S. F. Bowser*, for appellee.—A member of a mutual benefit society cannot be compelled to pay an assessment where his contract does not provide that he shall pay assessments or make any provision as to nonpayment, except that his certificate shall be forfeited therefor : Gibson v. Megrew, 48 L. R. A. 362.

In all the cases that have come before the courts for the recovery of benefits from unincorporated beneficial societies since

the passage of the Act of April 28, 1876, P. L. 53, it has been held that the said act relieved the members from individual liability: Paul v. Keystone Lodge, 3 W. N. C. 408; Luders v. Volp, 8 W. N. C. 417; Kurz v. Eggert, 9 W. N. C. 126; McDowell v. Smith, 21 W. N. C. 558.

OPINION BY MORRISON, J., May 22, 1903:

This was a case stated by the parties, plaintiff and defendant, in the nature of a special verdict for the judgment of the court of common pleas of Butler county.

The said court in an elaborate opinion entered judgment in favor of the defendant, which is the error complained of, and hence this appeal.

The defendant was a member of the Odd Fellows Endowment Association of Pennsylvania, an unincorporated beneficial association, composed of members of various lodges of the Independent Order of Odd Fellows in the state of Pennsylvania, for the purpose of paying benefits on the death of the members of said association to their beneficiaries, and not for profit.

The defendant had been a member of the association for twenty-three years, and had paid his assessments regularly as made by its managers up to and including December 20, 1900.

The material and controlling part of the contract signed by the defendant when he became a member, and which remained in force during his membership, is as follows: "It is understood and agreed, that I am required to pay the sum of $ into the treasury of the association for each assessment that may be ordered by the board of managers. Upon my failure to pay the above assessment within twenty days after the date of issue, my certificate shall be null and void, and all liabilities of the said association to me and my liability to it shall cease."

Section 3, Article 6 of the by-laws provides that "any member of the association who shall fail to pay his assessments within the above prescribed twenty days from date of notice forfeits his membership and all moneys he may previously have paid to the association, and all rights to funeral benefits in this association, and his name shall be stricken from the roll of membership."

The defendant refused to pay several assessments after December 20, 1900, and long before this suit was commenced, and by the plain terms of this contract of membership and the by

laws, all of his interest, moneys, rights and benefits in the association were forfeited, and his liability to it had ceased, and his certificate was null and void.

Now, the question presented for decision is, can the assessments claimed in this suit be recovered from the defendant?

We are all of the opinion that the defendant cannot be compelled to pay them.

The portion of the contract and by-laws above quoted is the law of this association as to this question, and the penalty for failure to pay assessments is therein plainly stipulated, and no other can be imposed without the consent of the defendant.

This is not a mutual insurance company organized for profit, and we discover no legal or equitable ground on which a recovery can be sustained.

The many cases cited by the appellant are not in point. We think the judgment of the court below is fully vindicated by the opinion of the learned president judge, and on what has been above said and upon that opinion the judgment can be safely affirmed.

Judgment affirmed.