# Allegheny Valley Camp Meeting Association v. Kountz, Appellant.

*Corporations—Assessments—Presumption—Burden of proof—Evidence.*

In an action against a shareholder of an association to recover an assessment levied by the managers under authority given by the charter, the presumption is that the managers acted honestly and according to their best judgment in making the assessment, and the burden of showing that it was so largely in excess of the requirements of the association as to warrant an inference of fraud or culpable negligence on the part of the managers, rests on the defendant. An allegation by the defendant that the assessment was exorbitant and unreasonable, inasmuch as it exceeded the amount required to pay interest and taxes, is insufficient, in the absence of any allegation that the assessment was larger than was required to defray the expenses of the association for the year, or that interest and taxes were the only expenses to be met.

*Corporations—Shares—Assessments—Lien—Recovery.*

Where the articles of association of a corporation of the first class under the Act of April 29, 1874, P. L. 73, sec. 6, provides for assessments on lots represented by the stock and that unpaid assessments shall be a charge against the lots until paid, that the treasurer after six months' default shall proceed by law to collect the assessments, and that no stockholder in arrears shall be allowed any of the privileges of the association, or be allowed to transfer his stock until the arrears are paid, the association cannot hold the shareholders personally liable for assessments, but will be confined to the lots owned by the shareholders in the recovery of the assessments.

Argued April 12, 1905. Appeal, No. 2, April T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1901, No. 415, on verdict for plaintiff in case of Allegheny Valley Camp Meeting Association v. William J. Kountz, executor and trustee of Peninah W. Kountz, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover assessments on lots in a camp meeting association. Before RODGERS, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

In the year 1900 the directors levied an assessment of $10.00 on improved lots, and $5.00 on unimproved lots. No complaint

is made by the defendant of the levy on improved lots, but complaint is made, as we understand, that the levy upon the unimproved lots is excessive.   However, it is admitted that the directors had the right to levy, under the charter, on the unimproved lots a sum not to exceed $5.00.

Under the court's ruling this is practically all the evidence you have before you, because the court has determined that under the law [the defendant cannot be permitted to present a defense that the levy made was excessive, because the discretion was given to the directors just as discretion is given to the officers of the city under an ordinance, and that is not a proper subject of inquiry in a case of this kind.] [6]

[If the defendant believes that the directors had exceeded their authority, or had acted in fraud or made a mistake, he would have a full and complete remedy in equity, but no remedy in such a proceeding as this to attack the directors' action under the discretion given them by the charter.] [5]

[The plaintiff has presented a point that under all the evidence and the law the verdict of the jury must be for plaintiff for the amount claimed, with interest.   The calculation as made by counsel amounts to $166.75.   If you believe the evidence that has been submitted, and that is all that is before you, the court affirms this point and instructs you that you must find a verdict for the sum we have stated.] [7]

Verdict and judgment for plaintiff for $166.75.

*Errors assigned* among others were (5, 6, 7) above instructions, quoting them.

*E. J. McKenna*, with him *C. F. McKenna*, for appellant.—
The assessments were improper : Hibernia Fire Engine Co. v. Com., 93 Pa. 264.

Defendant is not personally liable : Dairymen's Assn. v. Ryan, 16 W. N. C. 383; New Bedford & Bridgewater Turnpike Corp. v. Adams, 8 Mass. 138 ; First Presbyterian Congregation v. Quackenbush, 10 Johns. 217 ; Turnpike Corp. v. Gould, 6 Mass. 40 ; Andover & Medford Turnpike Corp. v. Hay, 7 Mass. 102; Belmont Park Assn. v. Toller, 6 Pa. C. C. Rep. 266.

*Harrison Bock*, with him *Thomas J. Ford*, for appellee.

OPINION BY RICE, P. J., October 9, 1905:

The plaintiff association was organized as a corporation of the first class under the Act of April 29, 1874, P. L. 73. Section 6 of the articles of association provides that to each share of stock shall be assigned a lot in such plan of lots as may from time to time be laid out by the association. Peninah W. Kountz was the owner of twenty-seven full paid shares, and in accordance with the foregoing provision twenty-seven lots were assigned to her, two of which she improved by erecting a cottage thereon ; the other lots were unimproved at the time of her death, which was in December, 1899. It is further provided in the same section that the board of managers shall have power from time to time to make assessments on the stock " for defraying the expenses of the association whenever in its judgment the same shall be necessary," the assessment of each share not to exceed $10.00 in any one year, and not to exceed $6.00 if the lot assigned to the share has not been built upon, occupied or inclosed. The remainder of the section as set forth in the record reads as follows : " The several sums as aforesaid fixed by the board of managers shall be due and payable on or before the 15th day of July in each year, and shall be a charge against the respective lots so held by them until paid. All persons making default in payment thereof for a period of thirty days after the same shall have become due and payable shall incur a penalty of $3.00 per lot, which penalty shall likewise be a charge against the lot or lots of the one making default. After any such payment shall be in default for a period of six months, the treasurer shall proceed to collect the same by process of law, and no stockholder who shall be in arrears for six months shall be entitled to any of the privileges of the association, nor be allowed to transfer his stock until all arrears are paid in full. At the annual election for a board of managers no stockholder will be eligible to hold office, or be permitted to vote at such election, who has not paid assessments or taxes on their stock in full." In the exercise of the power thus conferred the board of managers made an assessment of $10.00 on each share of stock to which a lot had been assigned that was fenced in or built upon, and of $5.00 on each share of the other class, for defraying the expenses of the association during the year beginning July 15, 1899. On the trial of this

action of assumpsit brought against the executor of Peninah W. Kountz to recover the assessment, the court rejected the defendant's offer to prove " that the resolution of the board of managers increasing the assessment of unimproved lots to $5.00 per share per year is exorbitant and unreasonable and is more than is required to pay the assessment for interest and taxes on said lots, " and affirmed the plaintiff's point " that under all the evidence and the law the verdict must be for the plaintiff in the amount of the claim with interest."

The presumption in this action to recover an assessment, which by the charter the managers had power to make, is that they acted honestly and according to their best judgment, having due regard to the legitimate expenses of the association for which alone an assessment could be made, and the burden of showing that it was so largely in excess of the requirements of the association as to warrant an inference of fraud or culpable negligence on the part of the managers rested on the defendant. The offer of evidence falls far short of this. Read as a whole it shows that the ground of the defendant's allegation " that the assessment was exorbitant and unreasonable" was that it exceeded the amount required " to pay the assessment for interest and taxes on said lots." The court was right in rejecting the offer for the reason, if for no other, that it did not allege that the assessment was larger than was required to defray the expenses of the association for the year, or that interest and taxes were the only expenses to be met. Proof of the facts specifically alleged in the offer, without more, would neither show nor tend to show that the managers exceeded their power.

The defendant urges that, in the absence of an express promise to pay the assessment, there was no personal liability, and the action of assumpsit would not lie, therefore it was error to give binding instructions for the plaintiff. The two Pennsylvania cases cited by the appellant in support of this position are Palmer v. Ridge Mining Co. 34 Pa. 288 and Richboro Dairymen's Association v. Ryan, 16 W. N. C. 383. The former is of no particular assistance in the decision of the present case, as it relates wholly to the personal liability of a transferee of stock for unpaid installments, some called before and some after the transfer. But the second case like the present, re-

lated to the personal liability of the owner of full paid stock for an assessment lawfully made upon the shares.   The point decided was that he was not personally liable, because the single and specific remedy provided by the governing statute (clause 2 of sec. 39 of the act of 1874) was sale by the treasurer at public auction of a sufficient number of shares to pay all assessments then due, etc., which remedy said Justice Clark, " under the act of 1806 is exclusive."   Underlying this objection to the personal action was the principle thus stated in the opinion : " Liability for such assessments does not exist at common law; the stockholder cannot be personally bound unless a personal liability is imposed by the statute, and it is plain, that a personal responsibility was not here contemplated.   The assessment is expressly upon the shares, and not upon the shareholder; and the policy of the law is clearly expressed that the shareholder shall contribute no more than he voluntarily assumes."   The two Massachusetts cases cited by the appellant's counsel—Turnpike Corp. v. Gould, 6 Mass. 40 ; Andover, etc., Turnpike Corp. v. Hay, 7 Mass. 102—were decided upon similar grounds.   But the clause of the 39th sec. of the act of 1874, which was held in the Pennsylvania case last cited to give the remedy by sale, never applied to an association like the plaintiff, and no other statutory or charter provision has been called to our attention under which it could summarily forfeit or sell the stock in default of payment of the assessments the managers were empowered to make.   " A corporation has no inherent power to forfeit or sell the shares of stock owned by a delinquent shareholder.   It is not a common-law remedy, and can be exercised only when it is expressly conferred by some statute, or by the articles of incorporation : " 10 Cyc. of Law & Proc. 499.   But while the plaintiff has not this power, it has the right to impose a penalty, which, like the assessment, becomes at once a charge upon the lots assigned to the member, and a right to refuse to permit him to transfer his stock, as well as to deprive him of the privileges of the association, including the right to vote and hold office, until all arrears are paid in full.   It is thus seen that while the plaintiff association has not the same, and perhaps not as speedy and efficacious a remedy, as that which the corporation in the case cited had, it has a remedy.   We quote

again from the opinion in that case : " It is a matter of no consequence in such cases that the remedy of the statute may be inadequate or ineffective." The same may be said with equal propriety of the remedy given by a charter. Therefore the principle upon which that case was decided would be applicable here, if there were nothing further to distinguish the cases. But the charter provides that " after any such payment shall be in default for a period of six months, the treasurer shall proceed to collect the same by process of law." This direction does not necessarily imply that a claim, which without it would be merely an assessment upon the shares and a charge upon the lots, may be sued for and collected out of the general assets of the member, like an ordinary debt. It means no more than that the treasurer shall resort to such proceedings at law or in equity, in the proper court, as are adapted to the collection of the claim out of the property upon which it is a lien or charge. Perhaps a bill in equity would be sustainable. See Tete v. Farmers & Mechanics' Bank, 4 Brews. 308. Be that as it may, it is clear that the plaintiff was not entitled to an unqualified affirmation of its point and to a general judgment. Logically this conclusion would put the plaintiff out of court altogether, but as the objection to the form of the proceeding appears not to have been made until after verdict and judgment, it is the opinion of the majority that the parties will be protected in their substantial rights by restricting the lien and collection of the judgment.

It is therefore ordered that the lien and collection of the judgment be restricted to the twenty-seven lots which were assigned to the twenty-seven shares of stock owned by the defendant's testatrix, as set forth in the plaintiff's statement of claim, and as thus modified and amended the judgment is affirmed.