# Funeral Benefit Association of the United States v. James E. Hyatt Council, No. 923, Appellant.

*Beneficial associations—Assessments—Default — Suspension of subordinate body.*

Where an unincorporated beneficial association composed of subordinate councils provides, by its by-law, that if any assessment levied upon a subordinate council remains unpaid for a time stated such "council in default shall without further action stand suspended from membership in this association," and there is no other remedy provided by the by-laws, the association cannot collect the

assessment by legal proceedings from the individual members of the subordinate council.

Where in such a case a bill in equity is filed by the association against the subordinate council and the individual members of the council and a demurrer is filed, the demurrer will be sustained and the bill dismissed as to the individual members, but the council will be required to answer the bill.

Argued Nov. 23, 1915. Appeal, No. 159, Oct. T., 1915, by defendants, from decree of the Municipal Court Philadelphia Co., April T., 1915, No. 74, on bill in equity in case of Funeral Benefit Association of the United States v. James E. Hyatt Council, No. 923. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Reversed.

Bill in equity to enforce an assessment.

The facts are stated in the opinion of the Superior Court.

The court below overruled the demurrer, and entered judgment for plaintiff in the sum of $34.40.

*Error assigned* was the decree of the court.

*R. W. Woods,* with him *W. S. Wacker,* for appellants. —The court did not have a right to enter judgment on the demurrer but should have overruled the demurrer and permitted an answer to be filed in case the court deemed the demurrer insufficient: Barbey v. Beaver, 119 Pa. 413; Corbett v. Oil City & Co., 5 Pa. Superior Ct. 19.

The defendant has paid the penalty and no other can be imposed without its consent. It is nowhere alleged that defendant ever agreed to pay anything except upon a condition precedent: Lehman v. Clark, 43 L. R. A. 648; Johnston v. Anderson, 23 Pa. Superior Ct. 152.

Plaintiff is governed by Act of April 28, 1876, P. L. 53.

*Alexander M. DeHaven,* with him *Matthew Randall,* for appellee, cited: Johnston v. Anderson, 23 Pa. Su-

perior Ct. 152; Pain v. Sample, 158 Pa. 428; Susquehanna M. F. Ins. Co. v. Leavy, 136 Pa. 499; International Savings & Trust Co. v. Tillotson, 34 Pa. Superior Ct. 521.

OPINION BY ORLADY, P. J., April 17, 1916:

The plaintiff, an unincorporated association, composed of subordinate councils of the order of Independent Americans, a fraternal, patriotic body, by its officers, brings this bill in equity, against certain named persons, who were members, constituting James E. Hyatt Council No. 923, of the order, to recover an assessment levied for December, 1914, by the superior body against the subordinate council.

The plaintiff body meets annually to elect its officers, creates by-laws and makes assessments on the councils, for the payment of liabilities and benefits to the members. The assessments thus levied are payable monthly, in advance, and are applied to the liabilities incurred during the preceding month.

A convention held June 8, 1914, levied assessments on the James E. Hyatt Council, which were paid by it from June to November inclusive, when on account of some controversy, it refused to pay the assessment for December.

Paragraph 16, of the bill, avers, "That said assessment having remained unpaid, the said council was thereupon suspended from membership in said association, in pursuance of Act 6, Art. 6, of the laws of said association which provides, that should any assessment remain unpaid on the last day of the second month following that in which said assessment shall have been ordered, the organization or council in default shall, without further action, stand suspended from membership in this association "notice of which was duly forwarded to and received by said council."

The action of the council was voluntary in refusing to pay the assessment, and we are not concerned with the

reasons prompting its action. They knew the by-laws governing their association, and that, following the refusal to pay the assessment, the result would be the automatic suspension of the council from membership therein. It did not seek reinstatement but accepted the order of suspension from membership, as conclusive of its future relation. The defendants who were served, filed a demurrer assigning as one reason, that the only penalty provided by the by-laws for nonpayment of assessments, to-wit, suspension from the association, had been imposed; and the only prescribed remedy and penalty being thus exhausted, the plaintiff could not recover from individual members of the council the assessment due from the association of which they had been members. The court overruled the demurrer without filing an opinion, and entered judgment for $28.30. Ordinarily, overruling a demurrer is an interlocutory order, but in this case a final judgment was entered for a specific amount, and this appeal is well taken.

The by-laws of the plaintiff are of their own making, and there is no provision for any individual liability, for a pre-existing debt, of the members of a council after its suspension from the association. Such bodies serve a useful and beneficient purpose; they have full control over the regulations of their membership; we cannot make the law for them, and can only interpret those they have enacted. We cannot say that the refusal to remain with the superior body was wrong or not, or that the voluntary withdrawal from the association was not effected by the council for sufficient cause.

The Act of April 28, 1876, P. L. 53, provides that "members of lodges of the order of Odd Fellows, Knights of Pythias and other organizations paying periodical or funeral benefits, shall not be individually liable for the payment of periodical or funeral benefits or other liabilities of the lodge or other organizations, but the same shall be payable only out of the treasury of such lodges

or organizations, provided that the provisions of this act shall only apply to unincorporated associations."

This statute was considered in Paine v. Sample, 158 Pa. 428, in which it was stated: "As beneficial societies have for their purpose the help and aid of a large number of individuals at times of great pressure and distress, a purpose that naturally appeals to the best interests of manhood, it is clear that membership should not be associated with the perils of individual liabilities. The scope of the legislative intent in this act was to reach that result.    We held in Johnston v. Anderson, 23 Pa. Superior Ct. 152, that, the contract and by-laws is the law of the association, and the penalty for failure to pay the assessment being therein plainly stipulated, no other can be imposed without the consent of the defendant.

The fourth paragraph of the bill avers that "any council belonging to the association may withdraw therefrom at any time, but the council shall be liable for all assessments ordered during the month in which notice of withdrawal is received by the association from the council.    This is not applicable here, for the reason that this action does not seek to hold the council liable, but is brought to establish an individual liability of certain members of the suspended council.

Both parties are unincorporated associations; the plaintiff being formed "for the purpose of mutual reimbursement of such councils for losses incurred by them through the payment of funeral benefits in the manner prescribed and provided in the by-laws.    After the suspension of the James E. Hyatt Council, the by-laws provided that it "shall absolutely forfeit all benefit and advantages from the association based upon any death which may occur while said assessment and fine remain unpaid" so that, when this bill was filed on April 9, 1915, every relation between the plaintiff and the council had been severed—as effectually as if it had been

formally expelled—and all rights in the association declared forfeited.

In Lehman v. Clark, 174 Ill. 279, S. C. 43, L. R. A. 648, the principle is carefully discussed, in which it is stated, "the making of the assessment does not make the member a debtor to the association, so as to authorize it to bring a suit for its recovery in case of his neglect or refusal to pay,"...... The whole scheme of insurance is based on a contract purely unilateral, and whether the payment for insurance be termed a premium or an assessment, the right of the association or company is to declare a forfeiture for nonpayment of premium or assessment, and not a right to recover the assessment or premium in a suit.  In Grayson's Pennsylvania Law of Social and Beneficial Associations, it is argued that forfeiture having taken place, the association cannot recover unpaid dues, fines or assessments from an ex-member.  Forfeiture is the specific penalty for nonpayment, agreed upon by both parties in the first instance, and no other can be imposed without the consent of the defendant.

The plaintiff association having provided a specific penalty for nonpayment by a council of an assessment, and having exhausted it, cannot invoke another and different one, not mentioned in its by-laws.

The decree of the court below is reversed, the demurrer sustained and the bill dismissed at the costs of the appellee, as to the defendants who are individual members of the council, and as to the Council No. 923, the record showing that the demurrer was not groundless or intended for vexation and delay, the decree is reversed, the demurrer is overruled, and it is ordered that the council answer the bill, within such reasonable time, after the return of the record, as shall be fixed by the court below: Corbett v. Oil City Fuel Co., 5 Pa. Superior Ct. 19.