# Kraus v. Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Automobiles — Collision at cross-ing—Contributory negligence.*

In an action to recover damages for injuries to an automobile sustained in a collision with an electric car at a crossing, plaintiff is not entitled to recover because of the contributory negligence of his driver, where the evidence shows that as the driver cleared the house line, going at the rate from six to eight miles an hour, he saw a car at a very high rate of speed between ninety and a hundred feet away; that he had his automobile under perfect control and could have stopped it within three feet; that the distance from the curb line to the first rail was twenty-two feet; that he stopped the automobile within a very short distance of the first rail, but so close to it that the rear end of the street car in passing, struck the front extension part of the automobile with either the overhanging step, or due to the swagging of the body of the car.

Argued April 17, 1918. Appeal, No. 124, April T., 1918, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1914, No. 96, on verdict for plaintiff in case of Isador Kraus v. Beaver Valley Traction Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.. Reversed.

Trespass to recover damages for injuries to an automobile. Before BALDWIN, P. J.

At the trial the jury returned a verdict for plaintiff for $100, on which judgment was entered.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*D. A. Nelson,* of *Nelson & Nelson,* for appellant.—The driver was guilty of contributory negligence: Burke v. Union Traction Co., 198 Pa. 497; Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444; Odbert v. Webster, Etc., Street Ry. Co., 50 Pa. Superior Ct. 525; Thane v. Scran-

Arguments—Opinion of the Court. [70 Pa. Superior Ct.
ton Traction Co., 191 Pa. 249; Randall v. Philadelphia
Rapid Transit Co., 62 Pa. Superior Ct. 531; Bready v.
Philadelphia Rapid Transit Co., 68 Pa. Superior Ct. 298;
Houston Brothers Co. v. Consolidated Traction Co., 28
Pa. Superior Ct. 374.

*Clyde Holt,* of *Holt, Holt & Richardson,* with him *M. J.
Kraus,* for appellee, cited: Clayton v. Chester Traction
Co., 3 Pa. Superior Ct. 107; Talley v. Chester Traction
Co., 227 Pa. 393.

OPINION BY ORLADY, P. J., July 10, 1918:

The plaintiff recovered a verdict after a second trial in
the court below, for injuries done to his automobile in a
collision with a car on the defendant's railway tracks,
on Penn avenue, in New Brighton, where it crossed Thir-
teenth street at right-angles. The accident occurred
about noon on September 30, 1912. The driver of the
car was an attorney, with nine years experience as a
driver, having driven over 175,000 miles. The car was a
large one, weighing about 3,000 pounds, and was occu-
pied by the driver, his brother and sister. The approach
to Penn avenue on Thirteenth street, and the approach
to Thirteenth street on Penn avenue was on a down
grade. They were forty-feet-wide streets. As the driver
passed the building line of Penn avenue, he was traveling
at from six to eight miles an hour. His view in the di-
rection the car was coming was partially obstructed by
poles,—one at the pavement intersection of the streets,
and as shown by the photographs and map in evidence,
three others were distributed over a distance of 250 feet
on the western side of the avenue along which he was to
look; there were no trees or other objects to interfere
with his view within that distance. He states that he
saw the car coming at a very high rate of speed, 90 to 100
feet west of Thirteenth street. He had his car under
perfect control and could stop it within three feet. The
distance from the curb line to the first rail of the track

was twenty-two feet.   He stopped his car within a very short distance of the first rail, but so close to it that the rear end of the trolley car in passing, struck the front extension part of the automobile with either the over-hanging step, or due to a swaying, zigzagging or seesawing of the body of the trolley car.

In overruling the motion for judgment in defendant's favor the trial judge states, "If the street car had not been approaching so rapidly, the driver would have been able to avoid the accident, either by driving across in front of it, backing out of its way, or turning in along the side of the street."   It could be as truthfully said, if the driver of the automobile had stopped his automobile at any point between the building line and three feet of the trolley track, the accident would not have occurred. The fact is, he did not stop at a safe place, and when he saw the trolley car ninety feet distant approaching at a high rate of speed, swaying from side to side, he was bound to anticipate the risk of getting too close to the track.   The presence of the stone wall mentioned as being from six to seven feet high on the property line, is no justification for his conduct, as he admits that after passing that point he saw the car 90 to 100 feet distant. Nor can it reasonably be urged that the four poles on the curb line on Penn avenue entirely walled out his view of the trolley car.   A clear view between these poles was open to him, as demonstrated by the photographs and the evidence, as well as his own admission of seeing the approaching car a reasonable distance from the crossing. He was familiar with the surroundings, and it was his duty to take extra precaution by making a more critical examination of the situation when he passed the property line.   He was bound to have his car under such control as to avoid an accident, in which his own life and that of his brother and sister, as well as the passengers in the trolley car were involved.   He admits having such control and the ability to stop his car within three feet. The effects of his mistaken judgment as to the proper

place to stop should be visited on this plaintiff, as his driver's recklessness caused the accident. At most, he stopped his car six inches too close to the track, which cannot be regarded under the decisions as any other than a very venturesome stop, and a disregard of such reasonable care as would be required of any prudent man under such circumstances. He realized that the chance was a close one, but he elected to take it, and independent of the alleged negligence of the trolley company he was entirely responsible for the accident. The one positive and imperative duty always required under such circumstances is to look when the tracks are reached, and immediately before attempting to cross. A failure to perform this absolute duty will defeat a recovery under our authorities. A driver takes all the risk of such an imminent peril: Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Randall v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 531; Bready v. Philadelphia Rapid Transit Co., 68 Pa. Superior Ct. 298. His own testimony demonstrates that he disregarded the apparent danger, and recklessly approached too near to the car track.

The court erred in not affirming the defendant's second point, "Under all the evidence in this case the verdict must be for the defendant" and in reserving it, should have directed that judgment should be entered for the defendant.

The judgment is reversed, record remitted and judgment to be entered in favor of the defendant.