## Rose & Son, Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Collision of automobile and trolley car—Towing another autotruck—Contributory negligence—Nonsuit.*

In an action to recover damages for injuries to an automobile resulting from a collision with a trolley car, a nonsuit is properly entered, where the evidence tends to prove that the plaintiff's chauffeur, while driving a motor truck, which was towing another truck, failed to observe his customary precautions at a sharp curve in the road with which he was familiar, and that notwith-

standing the fact that he was towing a heavy, unwieldy truck, attempted to round the curve when a trolley car was approaching and the towed truck was sideswiped by the trolley car.

In such case the driver must be held to have been guilty of contributory negligence.

Argued October 20, 1919.  Appeal, No. 87, October T., 1919, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March T., 1917, No. 833, refusing to take off nonsuit in the case of Abram Rose and Harry Rose, trading as Abram Rose & Son, v.. Philadelphia Rapid Transit Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Affirmed.

Trespass to recover damages for injuries to automobile truck.  Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.  Plaintiff appealed.

*Error assigned* was the order of the court.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellants.

*Daniel J. Shern,* for appellee.

OPINION BY ORLADY, P. J., December 10, 1919:

A car of the defendant company collided with a truck of the plaintiffs under rather unusual circumstances. An autotruck had become crippled, and, unable to proceed under its own power, was being towed south along Main street in Manayunk by another truck, to which it was connected by an eight-foot chain.  In rounding a curve at 7 p. m. in January, the first truck passed onto the straight-away, when the towed truck, then about to enter upon the curve, was side-swiped by a trolley car of the defendant company, going in the opposite direc-

tion on a track parallel to the one occupied by the moving truck. At the curve the distance between the west rail of the northbound track and the east rail of the southbound track is four feet; the distance between the west rail of the southbound track and the west curb is two feet. The track between the rails is five feet wide, and the truck which came into collision with the trolley car was eight feet wide over all. The curve in the tracks is fifty feet long. The plaintiff's chauffeur, who was driving the forward truck testified, that he was traveling on the southbound track at about eight miles an hour; that before he reached the curve he saw a trolley car 500 feet away from the south end of the curve, and that when he had proceeded to about 25 feet from the curve, the trolley car was 250 feet below the curve. He entered upon the curve when the car was approaching him upon the opposite track at a speed of 15 to 18 miles per hour. He further testified, that he was familiar with the local situation and ordinarily stopped to permit the cars to pass the curve. At the conclusion of the plaintiffs' testimony a motion for a nonsuit was made on the ground that there was no evidence to show any negligence on the part of the defendant company's servant, and there was evidence of contributory negligence on the part of the plaintiffs' driver.

After a very careful review of the undisputed facts, a nonsuit was granted, which the court in banc refused to take off.

The facts in this case clearly distinguished it from the authorities on which the appellant relies. This was not an end-on, right-angled or crossing collision. The trolley car was where it had the prior right to be, and was being moved at a reasonable speed. The chauffeur, knowing the dangerous situation and the uncertainty of controlling a dragged or towed truck, of a width greater than the car tracks, ignored his former custom of stopping before he entered upon the curve, and proceeded to this place of special hazard, in the dark. He necessarily

knew that the trailed truck would be uncertain in its forward movement on account of the lack of independent control and from its width, and that it could not be safely operated around the curve where the accident happened. Giving a horn signal would notify the motorman of the approaching truck, but it would not give him notice of the fact that a truck was trailing behind the first one, as it was out of the motorman's view around the curve. The first truck passed in safety and the contact was between the side of the trolley car and the trailed truck back of its forward wheels.

The duty of the chauffeur was increased by his being familiar with the situation in dragging a trailed truck, and he must have realized that the chance was a close one, but he elected to take it: Krause v. Beaver Val. Traction Co., 70 Pa. Superior Ct. 161; McCracken v. Traction Co., 201 Pa. 378.

The judgment is affirmed.