## Morris *v.* Schuylkill Railway Co., Appellant.

*Negligence — Contributory negligence — Automobiles — Sudden emergency—Question for jury.*

In an action to recover damages, the result of a collision between an automobile and a trolley car, evidence was produced on the part of the plaintiff to establish that he was proceeding in an automobile along a borough street at the rate of six or seven miles an hour. As he approached an intersecting street a work car, which was standing on the street along which the plaintiff was traveling, was suddenly without warning backed on to a track leading from the main tracks immediately in front of the automobile of the plaintiff. Under such circumstances, the case was for the jury, and a verdict for the plaintiff will be sustained.

When the plaintiff exercised the care and caution that a reasonably prudent and cautious man would have done under the circumstances, and is suddenly placed in a position of danger by a negligent act of another, he is not responsible for an error of judgment committed in trying to extricate himself, whereby he incurred another danger without negligence of his own.

Argued December 6, 1921. Appeal, No. 224, Oct. T., 1921, by defendant, from judgment of C. P. Schuylkill

Co., Sept. T., 1920, No. 43, on verdict for plaintiff, in the case of Walter Morris v. Schuylkill Railway Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff in the sum of $503.50.  Defendant appealed.

*Errors assigned* were refusal to give binding instructions for the defendant, and refusal to enter judgment for defendant non obstante veredicto.

*Arthur L. Shay,* for appellant.—The plaintiff could easily have avoided the accident, and judgment should have been for defendant n. o. v.: Lessig v. Reading Transit & L. Co., 270 Pa. 299; Szmigel v. D. G. of R. R., 76 Pa. Superior Ct. 230.

One who takes chances, when he loses, cannot hold others liable for his miscalculation: Callahan v. Traction Co., 184 Pa. 425; Brown v. Traction Co., 14 Pa. Superior Ct. 596; Kraus v. Beaver Valley Traction Co., 70 Pa. Superior Ct. 161.

*M. A. Kilker,* and with him *Vincent J. Dalton,* for appellee.—A party is not bound to anticipate the want of ordinary care, or a wrongful act on the part of another: Brown v. Lyon, 31 Pa. 510.

The failure to sound a gong or bell is evidence of negligence, which may carry the case to the jury: Raulston v. Traction Co., 13 Pa. Superior Ct. 412; Tompkins v. Scranton Traction Co., 3 Pa. Superior Ct. 576.

When a person, without fault on his part, is placed in a position of danger or embarrassment, through the negligence of another, he will not be held guilty of contribu-

tory negligence for failure to use all possible means for his safety; the question is for the jury: Sprowls v. Morris Township, 179 Pa. 219; Cannon v. P. & B. Traction Co., 194 Pa. 159; Stover v. Pa. Railway Co., 195 Pa. 616; Shuart v. Consolidated Traction Co., 15 Pa. Superior Ct. 26.

OPINION BY TREXLER, J., March 3, 1922:

Main Street in the Borough of Girardville runs east and west and Richard Street intersects it at right angles. A single track street railway lies in the center of Main Street, at Richard Street there is a branch railway leading to Shenandoah, and the track entering Main Street at Richard Street, turns west on Main Street. The track on Richard Street had not been operated during the winter of 1920 and what is called a "station car," used as a temporary waiting room, was standing on Richard Street about even with the building line on Main Street. The plaintiff entered Main Street and proceeded west toward Richard Street. With him were five companions. They proceeded to drive west on Main Street, going at the rate of six or seven miles an hour. There was a work car standing on the track on Main Street. This work car could be seen by the plaintiff for some hundreds of feet. When the auto on which the plaintiff was a passenger got to within six to twelve feet of the curve at Richard Street, the work car was suddenly backed off the Main Street track on to the curve and in front of the automobile, so that Rice, the driver, had four alternatives presented to him; he could continue in his course and pass between the work car and station car and run the risk of being pinched between them, or he could turn sharply to the right and perhaps pass the station car, or turn to the left, which is the course he adopted, with disastrous results, or he could stop. The last would probably have been the best plan but there is some evidence that the distance in which he could stop his car bore close relation to the distance he was from the work car. Rice turned to the left and struck the side

of the work car and from the collision between the automobile and the car, the injury claimed, followed. When the work car was suddenly and rapidly backed from Main Street on to the curve leading into Richard Street, there was no bell rung, no signal or warning given. There would therefore appear to be no question that there was sufficient evidence to convict the defendant of negligence and the argument has not been directed to that feature of the case. Was the plaintiff guilty of contributory negligence? It is argued that the plaintiff took chances; that he made a miscalculation. There is no question that a man who deliberately takes chances, when he loses, cannot hold others responsible for his miscalculation. There are a number of cases that may be cited in support of this proposition, among them are Brown v. Traction Co., 14 Pa. Superior Ct. 596; Kraus v. Beaver Valley Traction Co., 70 Pa. Superior Ct. 161; Rose & Son v. Phila. R. T. Co., 73 Pa. Superior Ct. 260, but we do not think that these cases and others like them control the present case. The driver of the car was confronted with a sudden danger of which he had no warning; he had done nothing wrong; he was proceeding at a proper gait. He, no doubt, saw the work car standing in a position that would indicate that he was in no danger from its approach for it was facing in the same direction that he was going. Suddenly, when he was quite near it, the car started toward him and the curve of the track carried it in front of him. Under such circumstances, he was not bound to show that his judgment was the best possible under the circumstances. He is not held to such a degree of carefulness as if there had been no negligent act which required him to act instantly. When the plaintiff exercised the care and caution that a reasonably prudent and cautious man would have done under the circumstances he is entitled to the benefit of the rule that a man "who is suddenly placed in a position of danger by a negligent act of another is not responsible for an error of judgment committed in try-

ing to extricate himself whereby he incurred another danger without negligence of his own": Sprowls v. Morris Township, 179 Pa. 219.

We think the matter was properly left to the jury.

The assignments are overruled and judgment is affirmed.