## Manor Shopping Center Merchants Association v. The Economy Sales Co.

*George J. Morgan,* for plaintff.

*Robert Ruppin,* for defendant.

JOHNSTONE, J., January 21, 1966.—Preliminary objections in the nature of a demurrer have been filed by defendant to plaintiff's complaint in assumpsit, and

these objections have been argued before the court en banc. In disposing of the demurrer, we will, as we are bound to do, accept as true all averments of fact in the complaint, but will ignore any conclusions or matters of law, and no summary judgment will be entered except the case be clear and free from doubt.

From the complaint, we learn that plaintiff is an unincorporated association of tenants in the Manor Shopping Center under leases with Manor Centers, Inc. Defendant is a lessee of Manor Centers, Inc., and a member of plaintiff association. By the terms of the lease, defendant agreed to become and remain a member in good standing of the association and to abide by its rules and regulations. The bylaws of the association provide for annual dues of $10 per year and a special assessment for promotional and advertising purposes of $1.25 per front foot per month. Defendant has failed to pay the annual dues for 1963, 1964 and 1965 and has failed to pay the special assessment for the same years, or, a total of $686.25, and the purpose of this suit is to recover that amount.

The basis for defendant's demurrer is that the bylaws of the association, which are a part of the complaint, provide as the sole penalty for failure to pay dues and assessments the loss of the right to vote and the right to hold office. The applicable sections of the bylaws are article III, secs. 3 and 6, which provide as follows:

"Section 3: Whenever a member shall be in arrears in payment of his annual dues for more than ninety (90) days, he shall be notified by the President of the association that if he does not pay his dues, he shall be deemed a delinquent member and shall not be entitled to vote and shall be removed from any office in the association that he may then be holding.

"Section 6: Whenever a member shall be in arrears in payment of his special assessment for a period of

more than thirty (30) days, he shall be notified in writing by the President of the Association that if he does not pay his dues, he shall be deemed a delinquent member and shall not be entitled to vote and shall be removed from any office in the Association that he may then be holding".

Defendant takes the position that there is no personal liability on its part to pay the dues and assessments and, therefore, there is no basis for this suit. It is argued that the only penalty attaching to the failure to pay the dues and assessments is the loss of the right to vote and hold office. In support of this position, four cases are cited, three of which involve beneficial associations organized for the purpose of paying death benefits. These three cases, Johnston v. Anderson, 23 Pa. Superior Ct. 152, Funeral Benefit Association of the United States v. James E. Hyatt Council No. 923, 62 Pa. Superior Ct. 578, and Funeral Benefit Association of the United States v. Col. Ellsworth Council No. 960, 66 Pa. Superior Ct. 10, all hold that failure to pay assessments results in a forfeiture of benefits, and no other penalty, such as an action to recover the amount of the assessment, can be imposed without the consent of defendant. In each of these cases, no benefits had been received by the members being sued, since none were payable until after the member's death.

In the present case, defendant received the benefit of membership in the association during the years it failed to pay the dues and assessments. The association could not fulfill its purpose without benefiting defendant. The fact that defendant could not vote or hold office in the association in no way deprived it of the benefit of the activities of the association on behalf of all its members. Contrary to the circumstances in the death benefit cases, defendant has enjoyed day by day the benefit of the activities of the association. In the very nature of a shopping center, what benefits one

merchant in the center from advertising and promotional efforts benefits all merchants. This, no doubt, is the reason defendant's lease requires it to maintain in good standing a membership in the association. To relieve defendant from liability for the payment of dues and assessments would be to grant it the major benefits from membership in the association without any obligation of assuming the liability of paying for the benefits.

In the case of Locust Club v. Einstein, 129 Pa. Superior Ct. 338, the court held defendant personally liable for an assessment against all members to cover a large operating deficit. In that case, the court said, at page 340:

"The appellant, upon joining the club in 1933, submitted himself to the acts of the directors as the common representative of all the members. He was not only clothed with all the rights of membership, but was bound by any assessment made by them, unless there was fraud or gross mistake, of which there is no proof".

Defendant voluntarily joined the association, as required by its lease, and thereby became bound by the bylaws of the association. For the benefits derived from membership in the association, defendant obligated itself to pay dues and such assessments as might be levied. In our opinion, the loss of the right to vote and hold office is not the exclusive penalty for failure to pay dues and assessments. Since defendant continued to reap the benefits of the association, its obligation to pay dues and assessments remained a personal liability.

The fourth case cited by defendant, Allegheny Valley Camp Meeting Association v. Kountz, 29 Pa. Superior Ct. 110, held that an assessment on lots in the camp meeting ground carried with it no personal liability on the part of shareholders, but limited recovery of the assessment to the lots. That case is of no assistance in deciding this case.

And now, January 21, 1966, the preliminary objections in the nature of a demurrer filed by defendant are overruled, and defendant is granted leave to file an answer within 20 days.